J. Noah Hagey, Esq. (SBN: 262331)
   hagey@braunhagey.com
Matthew Borden, Esq. (SBN: 214323)
   borden@braunhagey.com
Jeffrey M. Theodore, Esq. (SBN: 324823)
   theodore@braunhagey.com
Robert Petraglia, Esq. (SBN: 264849)
   petraglia@braunhagey.com
Amy Senia, Esq. (SBN: 329134)
   senia@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 599-0210

Eric Schlabs, Esq. (*pro hac vice*)
   schlabs@braunhagey.com
BRAUNHAGEY & BORDEN LLP
118 W 22nd Street, 12th Floor
New York, NY 10011
Telephone: (646) 829-9403
Facsimile: (646) 829-9403

ATTORNEYS FOR PLAINTIFF
THE BETTER MEAT CO.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BETTER MEAT CO., <br><br> Plaintiff, <br><br> v. <br><br> EMERGY, Inc. d/b/a MEATI FOODS, PAUL VRONSKY, and BOND CAPITAL MANAGEMENT LP, <br><br> Defendants. | Case No: 2:21-CV-02338-KJM-CKD <br><br> **PLAINTIFF'S EX PARTE APPLICATION FOR ANTI-SLAPP DISCOVERY** <br><br> *[Filed concurrently with Declaration of Amy Senia; and [Proposed] Order]* <br><br> Judge: Hon. Kimberly J. Mueller <br> Complaint Filed: December 17, 2021 |

## NOTICE OF EX PARTE APPLICATION

PLEASE TAKE NOTICE that Plaintiff The Better Meat Co. ("Plaintiff" or "BMC") hereby applies ex parte for an order granting BMC limited discovery necessary to oppose Defendant Emergy, Inc.'s ("Emergy") pending anti-SLAPP Motion to Strike (Dkt. No. 31) and the supporting Declarations of Tyler Huggins (Dkt. No. 32) and Sonja Sahlsten (Dkt. No. 33). In particular, BMC seeks an order:

- Granting BMC leave to serve targeted document requests limited in scope to the factual issues raised in Mr. Huggins's and Ms. Sahlsten's Declarations;
- Directing Tyler Huggins to appear for a deposition that is limited in scope to the factual issues raised in his Declaration; and
- Continuing Defendant's Motion to Strike BMC's Complaint under California's anti-SLAPP statute and Defendants' motions to dismiss, which are all set to be heard concurrently on May 6, 2022, for 120 days to enable BMC to obtain the requisite anti-SLAPP discovery.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff The Better Meat Company ("BMC") respectfully requests that the Court continue Defendants' pending motions for 120 days and permit BMC to conduct discovery to oppose Defendant Emergy's anti-SLAPP motion. Discovery is required by *Planned Parenthood Federation of America, Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 834 (9th Cir. 2018), in which the Ninth Circuit held that, when a defendant's anti-SLAPP motion in federal court "challenges the factual sufficiency of a claim . . . , discovery must be allowed, with opportunities to supplement evidence based on the factual challenges, before any decision is made by the court."

BMC is a Sacramento-based startup that invented and developed a healthy and eco-friendly mycelium-based meat substitute. Defendant Emergy is a private-equity backed enterprise that has been trying to stamp out competition after its efforts to use mycelium to make batteries, toothpaste, and snacking chips failed, and it began trying to make meat alternatives instead.

BMC filed this lawsuit after Defendant began interfering with BMC's efforts to raise investment capital by falsely claiming to own BMC's patented technology and disseminating bad faith, knowingly false claims to BMC's potential investors. Defendant filed a Motion to Strike BMC's Complaint under California's anti-SLAPP statute, claiming that its pre-suit misconduct is protected by the litigation privilege, notwithstanding BMC's allegations of bad faith, and supported the motion with a declaration from its founder, Tyler Huggins, another declaration from its lawyers, and fifteen exhibits from outside the pleadings.

BMC served a Notice of Deposition on Mr. Huggins. Defendant, however, refused to offer him for deposition and allowed the noticed date to pass without moving for a protective order. (*See* Declaration of Amy Senia ["Senia Decl."] ¶¶ 4-5, Ex. 1.)

Accordingly, BMC moves ex parte for an order: (1) permitting BMC to propound targeted document requests limited in scope to the contents of Mr. Huggins's declaration and the declaration of defense counsel Sonja Sahlsten, (2) directing Mr. Huggins to appear for a deposition limited in scope to the issues raised in his declaration, and (3) continuing Defendant's anti-SLAPP Motion and Defendants' pending motions to dismiss (which all focus on the applicability of the litigation privilege and are set to be heard concurrently on May 6, 2022) for 120 days to enable BMC to

obtain necessary discovery. Such relief will achieve judicial economy because a continuance is required for the mandatory anti-SLAPP discovery, and the other pending motions seek to address overlapping issues. Under these circumstances, it would be most efficient to adjudicate all the motions together on a proper record.

## I. BACKGROUND

### A. BMC's Lawsuit

In July 2021, BMC received U.S. Patent No. 11,058,137 ("the BMC Patent") for a novel, animal-free protein that can be used as a shelf-stable, alternative meat. This groundbreaking protein ingredient was never conceived or even contemplated by Defendant and appears nowhere in any of Defendant's many patent filings or documents, including those it has disclosed to BMC and to this Court.

Defendant immediately began using its superior resources to try to prevent BMC from moving forward with its business, drafting a series of letters in which it claimed to own the BMC Patent and accused BMC and its former employee Augustus Pattillo of trade secret misappropriation. (Dkt. No. 1, Complaint ["Compl."] ¶¶ 30-34.) After BMC invited Defendant to provide evidence to support its allegations, Defendant sent BMC documents that consisted largely of unidentified and undated pictures that did not disclose or anticipate BMC's patent claims—all of the sort that could, are, and have been grown by countless investigators, laboratories, and fungal biomass producers for decades. (*Id.* ¶ 35.) On September 8, 2021, BMC responded and explained that the materials Defendant had provided were not "evidence" that it had invented any aspect of the BMC Patent. (*Id.* ¶ 36.) BMC offered to discuss the matter further or to review any other evidence that Defendant had, but Defendant did not respond and did not contact BMC for more than three months. (*Id.* ¶ 37.)

There the matter rested until Defendant learned that BMC was trying to raise an investment round. On December 15, 2021, Defendant and one of its investors, Defendant Paul Vronsky, executed a joint interference strategy. First, Defendant sent BMC a letter accusing BMC of "misappropriation of [Emergy's] trade secrets and unfair competition." (*Id.* ¶ 42.) Thirteen minutes

later, Mr. Vronsky sent an email to BMC's lead investor falsely representing that BMC and Defendant were in a "pretty significant trade secret and patent dispute." (*Id.* ¶¶ 46-50.)

On December 17, 2021, BMC filed this action against Defendants to redress their interference with BMC's Series A fundraising round and put to rest their false claim that they own the BMC Patent. (*Id.* ¶ 1.) BMC asserts claims for tortious interference, unfair competition under the California Bus. & Prof. Code §§ 17200 et seq. ("UCL"), and declaratory judgment of inventorship of the BMC Patent.

Ten days later, on December 27, 2021, Defendant filed a separate case arising from its allegations that Mr. Pattillo stole Defendant's purported trade secrets and supposedly used them to obtain the BMC Patent. *See Emergy, Inc. v. The Better Meat Co.*, No. 2:21-cv-02417-KJM-CKD. BMC filed a motion to dismiss on February 16, 2022.

**B.     Emergy's Anti-SLAPP Motion**

On February 7, 2021, Defendant filed a Motion to Strike the Complaint under California's anti-SLAPP statute, arguing that Mr. Vronsky's communication to BMC's investor and Defendant's coordination of that communication as part of its effort to disrupt BMC's fundraising are protected by California's litigation privilege. (Dkt. No. 31.) In support, Defendant attached a ten-paragraph declaration from Mr. Huggins and cited that declaration over twenty times in its Motion to Strike. The declaration purports to discuss, among other things, how Defendant "intended and hoped to resolve its dispute with Mr. Pattillo and The Better Meat Co." and the "intent" behind Defendant's December 15, 2021 letter to BMC. (Dkt. No. 32 ¶¶ 7-9.)

Because Defendant injected extra-pleading facts to support its anti-SLAPP Motion, BMC served a Notice of Deposition on Mr. Huggins on March 17, 2022, seeking to discover information relating to his declaration. (Senia Decl., Ex. 1.) BMC emphasized that the "notice is only a placeholder, and we are of course willing to work with you to choose a mutually convenient date that is relatively near to March 28, 2022, the date in the Notice." (*Id.*) In response to Defendant's request, BMC provided legal support for its entitlement to test the evidence that Defendant submitted in support of its motion. (*Id.*). Nonetheless, Defendant stated that "Mr. Huggins will not be made available for a deposition until The Better Meat Co. provides authority showing that a

deposition is appropriate in this scenario." (*Id.*) Defendant never moved for a protective order under Federal Rule of Civil Procedure 26(c), and instead let Mr. Huggins's noticed deposition date come and pass. *See Vizio, Inc. v. Desay A&V Sci. & Tech. Co.*, 2015 WL 13919396, at *2 (C.D. Cal. Aug. 10, 2015) ("it was incumbent upon Defendants to obtain a protective order before [employee] failed to appear for his deposition").

## II. ARGUMENT

Because Defendant submitted declarations in support of its anti-SLAPP motion, BMC is entitled to discovery for the purpose of testing those declarations.

As the Ninth Circuit recently held in the context of an anti-SLAPP motion brought in federal court, "discovery must be allowed, with opportunities to supplement evidence based on the factual challenges, before any decision [on the anti-SLAPP motion] is made by the court" to avoid a "stark collision of the state rules of procedure with the governing Federal Rules of Civil Procedure while in a federal district court." *Planned Parenthood*, 890 F.3d at 834. By attaching declarations to its Motion, Defendant has "challenge[d] the factual sufficiency of [BMC's] claim," and therefore "discovery must be permitted." *Id.* at 834, 833. As recognized in *Planned Parenthood*, fundamental rules of fairness and the procedural safeguards established by the Federal Rules of Civil Procedure require that BMC be permitted to conduct discovery before the Court rules on Defendant's Motion to Strike.

Defendant's anti-SLAPP Motion relies on declarations and documents to support its argument that communications by Defendant's investor to BMC's investors were made in anticipation of litigation and are protected by the litigation privilege. Specifically, Mr. Huggins's declaration provides extensive purported facts about his relationship with Mr. Pattillo while the two worked together at the Department of Energy, his understanding of The Better Meat Co.'s product development and intellectual property, Defendant's purported intentions, and his opinion of the parties' dispute. (Dkt. No. 32, ¶ 2 ("Mr. Pattillo had access to secret and confidential Emergy information of both technical and business nature"), ¶ 5 ("Emergy first suspected around June 2021 that Mr. Pattillo breached his NDA and that the Better Meat Co. and Mr. Pattillo used Emergy trade secrets and confidential information whether authorization in connection with the development and

manufacture of the[ir] 'Rhiza' product"), ¶ 6 ("Based on the contents of [BMC's patent], we grew even more suspicious that Mr. Pattillo and The Better Meat Co. had stolen our inventions"). Defendant cites Mr. Huggins's declaration over twenty times in its anti-SLAPP motion as evidence in support of its "conclu[sion] that litigation was its only viable option" and justification for the communications that it coordinated with BMC's lead investor. (Dkt. No. 31 at 12.)

In doing so, Defendant raises several fact questions as to the applicability of the litigation privilege, including:

- whether its purportedly protected communications "relate[d] to litigation that [was] contemplated in good faith and under serious consideration," *see Neville v. Cudacoff*, 160 Cal. App. 4th 1255, 1268 (2008) (prelitigation statement is protected under anti-SLAPP statute if it "concerns the subject of the dispute" and "is made in anticipation of litigation contemplated *in good faith*" (emphasis added)); *see also Salon Supply Store, LLC v. Creative Nail Design, Inc.*, 2015 WL 11438492, at *5 (S.D. Cal. June 19, 2015) ("Unlike communications between the parties, the [litigation] privilege generally does not extend to communications with third parties. … Whether a pre-litigation communication relates to litigation that is contemplated in good faith and under serious consideration is often an issue of fact precluding determination of the issue on a motion to dismiss.");
- whether those communications were "in furtherance of the objects of that" litigation, *see Mogan v. Sacks, Ricketts & Case LLP*, No. 21-CV-08431-TSH, 2022 WL 94927, at *5 (N.D. Cal. Jan. 10, 2022) (litigation privilege "require[s] that the communication be in furtherance of the objects of the litigation"); and
- whether BMC's investor was "in no way connected to the proceeding" and therefore outside the reach of the litigation privilege, *see Monex Deposit Co. v. Gilliam*, 680 F. Supp. 2d 1148, 1164 (C.D. Cal. 2010) ("the litigation privilege does not cover communications to 'persons in no way connected with the proceeding'").

Likewise, Ms. Sahlsten's sixteen-paragraph declaration injects fifteen extra-pleading documents as part of an effort to show Defendant intended to file litigation and did so in good faith.

(Dkt. No. 33.) Among other things, it attaches Mr. Pattillo's LinkedIn page and a news article in which BMC's CEO explained that BMC had been operating "in stealth mode" to support Defendant's conclusion that they misappropriated Defendant's trade secrets. (*Id.,* Exs. 6-8.)

Pursuant to *Planned Parenthood*, BMC is entitled to challenge the evidence that Defendant has offered in support of its factual assertion that the litigation privilege applies to Defendant and its investor's pre-suit communications. The Court should grant BMC the opportunity to challenge Defendant's reliance on this evidence via deposition and targeted discovery requests.

BMC therefore respectfully requests an order (1) permitting BMC to propound targeted document requests limited in scope to the contents of Mr. Huggins's and Ms. Sahlsten's declarations, (2) directing Mr. Huggins to appear for a deposition limited in scope to the issues raised in his declaration; and (3) continuing Defendant's anti-SLAPP Motion and Defendants' pending motions to dismiss for 120 days to enable BMC to obtain discovery.

### III. CONCLUSION

For the foregoing reasons, BMC respectfully requests that the Court grant its Ex Parte Application for Anti-SLAPP Discovery.

Dated: April 4, 2022

Respectfully submitted,

BRAUNHAGEY & BORDEN LLP

By: /s/ *Jeffrey M. Theodore*
Jeffrey M. Theodore

*Attorneys for Plaintiff
The Better Meat Co.*