J. Noah Hagey (SBN 262331)
 hagey@braunhagey.com
Matthew Borden (SBN 214323)
 borden@braunhagey.com
Jeffrey M Theodore (SBN 324823)
 theodore@braunhagey.com
Robert T. Petraglia (SBN 264849)
 petraglia@braunhagey.com
Amy Senia (SBN 329134)
 senia@braunhagey.com
**BRAUNHAGEY & BORDEN LLP**
351 California Street, 10th Floor
San Francisco, CA 94104
Tel: (415) 599-0210 / Fax: (415) 599-0210

Eric Schlabs (*pro hac vice*)
 schlabs@braunhagey.com
**BRAUNHAGEY & BORDEN LLP**
118 W 22nd Street, 12th Floor
New York, NY 10011
Tel: (646) 829-9403 / Fax: (646) 829-9403

*Attorneys for Plaintiff The Better Meat Co.*

Jeffrey D. Smyth (SBN 280665)
 jeffrey.smyth@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
3300 Hillview Avenue
Palo Alto, California 94304
Tel: (650) 849-6600 / Fax: (650) 849-6666

David K. Mroz (*pro hac vice*)
 David.Mroz@finnegan.com
Luke J. McCammon (*pro hac vice*)
 Luke.McCammon@finnegan.com
John M. Williamson (*pro hac vice*)
 John.Williamson@finnegan.com
Sonja W. Sahlsten (*pro hac vice*)
 Sonja.Sahlsten@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
901 New York Avenue, NW
Washington, DC 20001-4413
Tel: (202) 408-4000 / Fax: (202) 408-4400

*Attorneys for Defendant Emergy, Inc.*

David R. Callaway (SBN 121782)
 dcallaway@goodwinlaw.com
**GOODWIN PROCTER LLP**
601 Marshall St.
Redwood City, CA 94063
Tel: (650) 752-3100 / Fax: (650) 853-1038

*Attorneys for Defendants Paul Vronsky and Bond Capital Management LP*

(additional counsel listed on next page)

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BETTER MEAT CO., <br><br> Plaintiff, <br><br> v. <br><br> EMERGY, Inc. d/b/a MEATI FOODS, PAUL VRONSKY, and BOND CAPITAL MANAGEMENT LP, <br><br> Defendants. | CASE NO. 2:21−CV−02338−KJM−CKD <br><br> **JOINT STATUS REPORT** <br><br> Date: May 6, 2022 <br> Time: 10:00 AM <br> Location: Courtroom 3, 15th Floor <br> Judge: Hon. Kimberly J. Mueller |

1

2  Deanna C. Smiley (*pro hac vice*)
     Deanna.Smiley@finnegan.com
3  Taylor L. Stark (*pro hac vice*)
     Taylor.Stark@finnegan.com
4  **FINNEGAN, HENDERSON, FARABOW,**
     **GARRETT & DUNNER, LLP**
5  1875 Explorer Street, Suite 800
   Reston, VA 20190-6023
6  Tel: (571) 203-2700 / Fax: (571) 203-2777

7  *Attorneys for Defendant Emergy, Inc.*

8

9  Michael T. Jones (SBN 290660)
     mjones@goodwinlaw.com
10 Katherine G. McKenney (*pro hac vice*)
     kmckenney@goodwinlaw.com
11 Christopher J.C. Herbert (*pro hac vice*)
     cherbert@goodwinlaw.com
12 **GOODWIN PROCTER LLP**
   100 Northern Avenue
13 Boston, MA 02210
   Tel: (617) 570-1000 / Fax: (617) 523-1231

14 *Attorneys for Defendants Paul Vronsky and*
   *Bond Capital Management LP*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 240(b), and this Court's February 10, 2022 Order Setting Status (Pretrial Scheduling) Conference (ECF No. 39), Plaintiff The Better Meat Co. ("BMC") and Defendants Emergy, Inc. (d/b/a Meati Foods) ("Emergy"), Paul Vronsky ("Mr. Vronsky"), and Bond Capital Management L.P. ("Bond") (collectively, "Defendants") through their undersigned counsel, hereby submit the following joint status report.

A.  **SUMMARY OF CLAIMS AND LEGAL THEORIES**

On December 17, 2021, BMC filed a complaint against Defendants asserting counts of tortious interference and unfair competition against all Defendants and a count of declaratory judgement of inventorship against Emergy. *See* ECF No. 1. BMC alleges that Defendants made false accusations of trade secret misappropriation and wrongfully targeted BMC's investors and prospective investors in order to interfere with BMC's fundraising and inhibit competition in the meat replacement space. BMC contends that has Defendants' conduct has damaged its ability to raise capital the valuation at which it can do so. Defendant Emergy denies these claims and contends that its conduct is protected by the California litigation privilege and California anti-SLAPP statute. Further, Defendants Bond and Mr. Vronsky deny the claims against them and contend that their conduct is protected by California's the common interest and litigation privileges, and that, among other deficiencies in Plaintiff's claims against them, Plaintiff cannot demonstrate any economic harm proximately caused by Mr. Vronsky or Bond Capital, or any unlawful, fraudulent, or unfair conduct prohibited by Cal. Bus. & Prof. Code § 17200.

B.  **STATUS OF SERVICE ON DEFENDANTS**

Service of the complaint, summons, and all relevant attachments has been effectuated on all Defendants.

C.  **JOINDER OF ADDITIONAL PARTIES**

At this time, the parties have not identified additional defendants or cross-defendants but reserve the right to join additional parties based on information obtained in discovery according to the schedule set forth below.

**D.     AMENDMENT OF PLEADINGS**

The parties do not intend to amend their pleadings at this time but may seek to do so in response to the Court's rulings on pending motions and/or in response to information obtained in discovery. The parties propose deadlines to amend the pleadings without leave in Section F.5 below. Additionally, the parties reserve the right to amend the pleadings after this date, with leave of Court on a showing of good cause.

**E.     JURISDICTION AND VENUE**

The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202. Jurisdiction lies under the Declaratory Judgment Act because there is an actual controversy between BMC and Emergy with respect to the inventorship and ownership of U.S. Patent No. 11,058,137.

Defendants are subject to personal jurisdiction in California.

Venue is proper in the Eastern District of California pursuant to 18 U.S.C. § 1291(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

Defendants have not challenged jurisdiction or venue.

**F.     ANTICIPATED DISCOVERY AND SCHEDULING**

The parties' positions on anticipated discovery and the scheduling of discovery are set forth below and in the following subsections.

BMC's Position:

Fairness and efficiency require that the Court and the Parties conduct discovery and trial of BMC's claims in this case in tandem with the claims Defendant Emergy has filed in *Emergy, Inc. v. The Better Meat Co.*, et al., Case No. 2:21-cv-02417 – all which have been should have been (and still should be) filed as compulsory counterclaims in this matter. *See* No. 2:21-cv-02417, ECF No. 26 at 5-8. Staying BMC's first-filed claims to protect its investors and fundraising and proceeding with Defendant Emergy's case, as Defendants appear to propose, would prejudice BMC's ability to obtain timely legal redress. It would also require the Parties and the Court to conduct two separate jury trials, brief and decide two sets of summary judgment and *Daubert* motions, hold two pretrial

conferences, conduct discovery and decide discovery disputes twice, and depose the same witnesses twice on the same set of underlying, operative facts.

The gravamen of BMC's claims is that the inventorship on its patent is correct, that Defendants know this, and that they therefore had no good faith basis or intention to actually proceed; instead, satisfying themselves with interfering with BMC's fundraising until BMC brought this suit.  The gravamen of Emergy's claims is that it, not BMC, developed BMC's patented technology.  Therefore, the same evidence regarding the BMC Patent, the inventorship process, Defendants' alleged work with Mr. Pattillo, Defendants' technology and development, and so forth will be relevant to and will need to be the subject of discovery on all of the claims, including BMC's tortious interference and unfair competition claims.  Both companies' principals and engineers will be witnesses in both cases and should not have to be deposed twice.  And this common nucleus of fact should be addressed together.

Equally important, BMC deserves the right to seek to put a stop to Defendants' tortious and anti-competitive interference in its fundraising and targeting of its investors. Defendant should not be permitted to put BMC's legitimate causes of action on ice.  And Defendants should not be permitted to use their financial advantage – unjustly obtained – to explode the cost to BMC of protecting its rights and litigating this dispute, thereby magnifying the impact of its unlawful interference with BMC's fundraising.  Pursuit of these unfair strategic advantages explains why Emergy chose to file a duplicative second action rather than bring its compulsory counterclaims in the existing case, but it does not justify depriving BMC of its ability to obtain redress and bifurcating proceedings in a manner that increases the burden on the parties and the Court.

Emergy's sole support for its bifurcated discovery proposal is Cal. Civ. Code § 425.16(g). But as Emergy acknowledges, that provision is inapplicable in federal court because it "collides" with the Federal Rules of Civil Procedure for the very reason that it would deprive the plaintiff of discovery to support its claims and to show that the SLAPP statute is inapplicable. *Metabolife Int'l v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001).  Thus, in federal court, Cal. Civ. Code § 425.16(g) and Emergy's meritless anti-SLAPP motion do not support pausing or severing BMC's claims, much

less doing so while proceeding with Emergy's counterclaims. Rather, the policies of the Federal Rules of Civil Procedure require that discovery proceed efficiently and forthrightly.

Emergy's surviving claims should be re-filed as compulsory counterclaims in this case after resolution of motions practice, at which point all claims should proceed in a coordinated, orderly manner rather than through piecemeal litigation that doubles the burden on the parties and the Court.

Emergy's Position:

Emergy does not object to exchanging initial disclosures in accordance with Rule 26(a) or entering a protective order in this case. But given the nature of the Motions to Dismiss and the Motion to Strike—that BMC's tortious interference and unfair competition claims are barred as a matter of law under California's litigation privilege and anti-SLAPP statute (ECF Nos. 27, 31)—it is inappropriate to commence discovery on those claims at this time. The California anti-SLAPP statute has a mandatory stay provision that triggers when an anti-SLAPP motion is filed and remains in effect until an order on the motion. Cal. Civ. Proc. Code § 425.16(g). While this provision is not binding in Federal Court, it is highly persuasive that the California state legislature recognized the importance of halting all discovery for claims subject to an anti-SLAPP motion until that motion is decided. Moreover, Emergy would have an immediate right to appeal an adverse decision on its anti-SLAPP motion and would request a stay of any discovery related to BMC's tortious interference and unfair competition claims during the pendency of any appeal.

Because BMC's declaratory judgment inventorship claim is not subject to the Motions to Dismiss or the Motion to Strike and raises the same issue as Emergy's claim for correction of inventorship, Emergy believes that discovery with respect to that claim should commence immediately. To effectuate this, Emergy has two proposals. First, the Court could issue a stay of discovery with respect to BMC's unfair competition and tortious interference claims and allow discovery to proceed only with respect to the inventorship claim. Second, the Court could sever BMC's declaratory judgment inventorship claim from this case and consolidate it with Emergy's correction of inventorship claim in the related case, 2:21-cv-02417-KJM-CKD. Either proposal would greatly reduce concerns of duplicative discovery, motions, and trials.

1    Emergy proposes the schedule described below, which includes dates certain for early
2    deadlines and dates relative to a ruling on the pending Motions to Dismiss and Motion to Strike for
3    later deadlines.

4    <u>Bond and Mr. Vronsky's Position:</u>

5    Bond and Mr. Vronsky do not object to exchanging initial disclosures or entering a protective
6    order in this case. That said, given that BMC's tortious interference and unfair competition claims
7    are barred as a matter of law under California's litigation privilege, and otherwise fail to state a
8    claim against Bond and Mr. Vronsky, proceeding with discovery prior to resolution of Bond and Mr.
9    Vronsky's Motion to Dismiss (ECF No. 29) would not serve the interests of efficiency or judicial
10   economy, as their Motion to Dismiss could entirely dispose of the claims against Bond and Mr.
11   Vronsky, and its resolution does not require additional discovery. *See, e.g.*, *United States v.*
12   *Dynamic Med. Sys., LLC*, No. 117CV01757NONESAB, 2020 WL 3035219, at *5 (E.D. Cal. June 5,
13   2020) (staying discovery during pendency of motion to dismiss). Bond and Mr. Vronsky take no
14   position as to whether discovery with respect to BMC's claim for declaratory judgment of
15   inventorship should proceed in the interim, and otherwise do not object to severing that claim from
16   this case and consolidating it with the related case, 2:21-cv-02417-KJM-CKD. However, Bond and
17   Mr. Vronsky generally object to consolidating the entirety of the two actions should the claims
18   against them survive the pending motion to dismiss, and contend that, given the differing nature of
19   the claims asserted against them in this action and the claims asserted in 2:21-cv-02417-KJM-CKD,
20   consolidation would be inefficient and prejudicial and would generate confusion. *See KRL v.*
21   *Moore*, 2006 WL 8446328, *1 (E.D. Cal. May 15, 2006) (denying motion to consolidate cases due to
22   risk of prejudice and confusion given differences in defendants and causes of action).

23   Bond and Mr. Vronsky generally agree with Emergy's proposed schedule below, but reserve
24   the right to seek expedited discovery on issues related to the tortious interference and unfair
25   competition claims asserted against them (should those claims survive the pending motion to
26   dismiss), to allow for early summary judgment briefing on those causes of action.

27   **1.    What changes, if any, should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when**
28

**disclosures under Rule 26(a)(1) were made or will be made, and whether further discovery conferences should be held;**

The parties do not propose any changes to the timing, form, or requirement for disclosure under Rule 26(a). The parties will serve initial disclosures on Friday, April 29, 2022. At this time, the parties do not believe further discovery conferences should be held.

**2.   The subjects on which discovery made be needed, when discovery should be completed, and whether discovery should be conducted in phases;**

Discovery may be needed to investigate all claims and defenses including, without limitation: the claims of tortious interference, unfair competition, and declaratory judgement of inventorship, the injuries resulting therefrom, and Defendants' litigation privilege and other defenses. Specifically, the parties anticipate taking discovery on the following subjects: Defendant's efforts to contact BMC's investors and prospective investors and the planning, purposes, and discussions thereof, Emergy's good or bad faith and intentions, Emergy's patent applications, BMC's patent and patent applications, Emergy's technology and development thereof, BMC's technology and development thereof, the parties' knowledge of one another's products and technology, the parties' knowledge of their own products, Emergy's work at the Department of Energy, Mr. Pattillo's work at the Department of Energy, Emergy's relationship, agreements, and coordination with Mr. Vronsky and Bond Capital, Emergy's communications with Mr. Vronsky and Bond Capital, Defendants' agreements and relationships with one another, Defendants' documents and communications with or about BMC and Mr. Pattillo, and alleged injury to BMC, including the alleged impact on its raising of investment.

The parties agree that discovery should be conducted beginning with fact discovery and ending with expert discovery following the close of fact discovery. The parties propose deadlines and scheduling regarding discovery in Section F.5 below.

**3.   What changes, if any, should be made in the limitations on discovery imposed under the Civil Rules and what other limitations, if any, should be imposed;**

The parties do not propose any changes in the limitations on discovery imposed under the Civil Rules.

4. **The timing of the disclosure of expert witnesses and information required by rule 26(a)(2); and**

The parties propose deadlines regarding expert disclosure and discovery in Section F.5 below.

5. **Proposed dates for discovery cut-off.**

The parties propose the following discovery schedule, with dates landing on court holidays and weekends being extended to the next business day.

| Event | Agreed Dates | BMC's Proposed Dates | Emergy's Proposed Dates | Bond & Vronsky's Proposed Dates |
|---|---|---|---|---|
| Rule 26(f) conference between counsel | Friday, April 15, 2022 | | | |
| Deadline to file discovery plan | Friday, April 22, 2022 | | | |
| Rule 26(a)(1) Initial Disclosures | Friday April 29, 2022 | | | |
| Scheduling Conference | Friday, May 6, 2022 | | | |
| Deadline to amend pleadings without leave | | Three months before close of fact discovery or February 16, 2023 | Three months before close of fact discovery | Three months before close of fact discovery |
| Substantial completion of document production | | Seven months from resolution of pending motions or March 16, 2023 | Seven months from resolution of pending motions | Seven months from resolution of pending motions |
| Close of fact discovery | | Nine months from resolution of pending motions or May 18, 2023 | Nine months from resolution of pending motions | Nine months from resolution of pending motions |
| Deadline to disclose expert witnesses and serve expert reports | | Two months after close of fact discovery or July 13, 2023 | Two months after close of fact discovery | Two months after close of fact discovery |
| Deadline to serve rebuttal expert reports | | 45 days after service of opening expert reports or August 28, 2023 | 45 days after service of opening expert reports | 45 days after service of opening expert reports |

JOINT STATUS REPORT
CASE NO. 2:21-CV-02338-KJM-CKD

| Event | Agreed Dates | BMC's Proposed Dates | Emergy's Proposed Dates | Bond & Vronsky's Proposed Dates |
|---|---|---|---|---|
| Close of expert discovery | | 30 days after service of rebuttal expert reports or September 26, 2023 | 30 days after service of rebuttal expert reports | 30 days after service of rebuttal expert reports |
| Deadline to file dispositive motions | | 45 days after close of expert discovery or November 10, 2023 | 45 days after close of expert discovery | 45 days after close of expert discovery |
| Deadline to file Motions *in Limine* | | 28 days prior to final pre-trial conference | 28 days prior to final pre-trial conference | 28 days prior to final pre-trial conference |
| Joint pre-trial conference statement | | Seven days prior to final pre-trial conference | Seven days prior to final pre-trial conference | Seven days prior to final pre-trial conference |
| Final pre-trial conference | | December 2023 | 16 months from resolution of pending motions | 16 months from resolution of pending motions |
| Deadline to file trial briefs | | 14 days before trial | 14 days before trial | 14 days before trial |
| Trial | | December 2023 or at convenience of the Court | 17 months from resolution of pending motions | 17 months from resolution of pending motions |

**6.     Other**

The parties will meet and confer regarding a protocol for the production of Electronically Stored Information. That protocol will also address inadvertent production and the content of privilege logs.

**G.     DISPOSITIVE OR OTHER MOTIONS**

The parties expect to file motions for summary judgment and to exclude experts under Daubert and Rule 702. The parties' proposed dates for dispositive motions are set forth in section F.5 above.

H.   **METHODS TO AVOID UNNECESSARY PROOF AND CUMULATIVE EVIDENCE AND ANTICIPATED LIMITATIONS OR RESTRICTIONS ON FEDERAL RULE OF EVIDENCE 702**

The parties believe that the Rules of Evidence and Civil Procedure, including Rule 702, should govern the discovery and introduction of proof and evidence at trial.

I.   **FINAL PRE-TRIAL CONFERENCE**

The parties' proposed dates for the final pretrial conference are set forth in section F.5 above.

J.   **TRIAL**

BMC has demanded a jury trial. The parties' proposals regarding trial dates are set forth in Section F.5, above. The parties anticipate that trial will last 7-14 days, provided that the parties will be able to better estimate the required trial time once discovery has clarified the scope of the intellectual property and other matters in dispute.

BMC proposes that the claims in this action be re-filed as compulsory counterclaims and tried at the same time as those brought in *Emergy, Inc. v. The Better Meat Co., et al.,* Case No. 2:21-cv-02417-KJM-CKD. Defendants disagree and propose that there be two separate trials. Emergy proposes that after the pending motions in both cases are resolved, the parties and the Court will have a better picture of what claims remain, what the proper alignment should be, and whether consolidation for all purposes and/or trial purposes would be appropriate and in the interest of judicial economy. Bond and Mr. Vronsky generally object to consolidating the two actions should the claims against them survive their pending motion to dismiss.

K.   **SPECIAL PROCEDURES**

The parties agree that the case is not appropriate for special procedures such as reference to a special master or agreement to try the matter before the assigned magistrate judge pursuant to 28 U.S.C. § 636(c).

L.   **MODIFICATION OF STANDARD PRETRIAL PROCEDURES**

The parties do not propose any modifications of standard pretrial procedures at this time.

M.   **RELATED CASES**

The case is related to *Emergy, Inc. v. The Better Meat Co., et al.,* Case No. 2:21-cv-02417-KJM-CKD, in the United States District Court for the Eastern District of California. It is BMC's

position that the claims asserted in 2:21-cv-02417 are compulsory counterclaims for the reasons stated in its motion to dismiss and forthcoming reply. ECF No. 31.  Emergy disagrees for the reasons stated in its opposition to BMC's motion to dismiss in 2:21-cv-02417. ECF No. 33. Emergy's position is that after the pending motions in both cases are resolved, the parties and the Court will have a better picture of what claims remain, what the proper alignment should be, and whether consolidation would be appropriate and in the interest of judicial economy.  Bond and Mr. Vronsky do not object to severing the declaratory judgment claim from this case and consolidating it with the related case, 2:21-cv-02417-KJM-CKD, but do not believe consolidation of the entirety of the two actions would be appropriate should BMC's claims of tortious interference and unfair competition survive Defendants' motions to dismiss.

**N.   SETTLEMENT**

BMC is and has always been willing to discuss settlement and engage in ADR along lines that are consistent with the harms that Defendants have inflicted and BMC's patent rights.

Emergy has also been willing and discuss settlement and engage in ADR. At this stage, Emergy believes that it makes the most sense to wait until the Court resolves the pending motions before deciding whether to participate in the Court's Voluntary Dispute Resolution Program (VDRP).  Bond and Mr. Vronsky agree with this position.

The Parties do not stipulate to the trial judge acting as a settlement judge.

**O.   OTHER MATTERS**

The parties are not aware of any other matters at this time that may be conducive to the just and expeditious disposition of this case.

| | | |
|---|---|---|
| 1 | Dated: April 22, 2022 | BRAUNHAGEY & BORDEN LLP |

By:    */s/ Jeffrey M. Theodore*
      Jeffrey M. Theodore
      *Attorney for Plaintiff The Better Meat Co.*

Dated: April 22, 2022      FINNEGAN, HENDERSON, FARABOW,
                                      GARRETT & DUNNER, LLP

By:    */s/ Jeffrey D. Smyth*
      Jeffrey D. Smyth
      *Attorney for Defendant Emergy, Inc.*

Dated: April 22, 2022      GOODWIN PROCTER LLP

By:    */s/ Michael T. Jones*
      Michael T. Jones
      *Attorney for Defendants Paul Vronsky and Bond Capital Management L.P.*

**ATTESTATION**

Counsel for Plaintiff The Better Meat Co. hereby attests by his signature below that concurrence in the filing of this document was obtained from counsel for Defendants Emergy, Inc., Paul Vronsky, and Bond Capital Management L.P.

Dated: April 22, 2022                     BRAUNHAGEY & BORDEN LLP

                                          By:  /s/ Jeffrey M. Theodore
                                              Jeffrey M. Theodore

                                              *Attorney for Plaintiff The Better Meat Co.*