UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| The Better Meat Co., | No. 2:21-cv-02338-KJM-CKD |
| Plaintiff, | ORDER |
| v. | |
| Emergy, Inc., et al., | |
| Defendants. | |

This matter is before the court on plaintiff The Better Meat Co.'s Ex Parte Application for Anti-SLAPP Discovery. As explained below, defendant Emergy, Inc.'s pending anti-SLAPP motion challenges the factual allegations in Better Meat's complaint, so Better Meat is entitled to discovery, and the ex parte application is **granted**.

I.   BACKGROUND

Better Meat alleges it invented a meat substitute called "Rhiza," whose underlying technology resulted from "extensive time, effort, and resources devoted by [Better Meat] to researching mycelium- and mycoprotein-based foods." Compl. ¶¶ 16–17, ECF No. 1. In connection with Rhiza and its underlying technology, a patent issued to Better Meat in July 2021. *Id.* ¶¶ 18–19. Augustus Pattillo, Better Meat's co-founder and former Chief Technology Officer, was listed as the sole inventor. *Id.* ¶¶ 30, 69.

/////

1

1    Three days after Better Meat obtained its patent, Emergy, a competitor in the animal-free
2    meat business, sent "twin letters" to Better Meat and Pattillo. *Id.* ¶ 30; July 16, 2021 Letters,
3    Sahlsten Decl. Exs. 9–10, ECF No. 33-9 & 10.  The letters asserted Pattillo had worked for
4    Emergy and had used and disclosed Emergy's confidential and proprietary information to develop
5    and patent Better Meat's products. *Id.*  Emergy accused Better Meat and Pattillo of trade secret
6    misappropriation and unfair competition and demanded Better Meat withdraw Rhiza from the
7    market, "correct" the patent, and assign ownership to Emergy. *Id.*  Better Meat refused and
8    denied Emergy's allegations but offered to consider whatever evidence Emergy could offer. *See*
9    Aug. 5, 2021 Letter, Sahlsten Decl. Ex. 11, ECF No. 33-11.  Emergy responded, *see* Aug. 25,
10   2021 Letter, Sahlsten Decl. Ex. 12, ECF No. 33-12, but Better Meat was unmoved, *see* Sept. 8,
11   2021 Letter, Sahlsten Decl. Ex. 13, ECF No. 33-13.

12   More than two months had passed with no response from Emergy when Better Meat
13   began, in late November 2021, formally engaging with potential investors in a "Series A
14   financing round." Compl. ¶¶ 36–38.  Better Meat hoped to secure funding to build a facility
15   capable of commercial-scale production. *Id.* ¶ 38.  To those ends, Better Meat signed a term
16   sheet with a "lead investor" for the Series A investment round, a "prominent and well-regarded
17   California private equity investor with many years in the industry and extensive contacts and
18   name recognition." *Id.* ¶ 39.  Better Meat "used that investor's name while soliciting further
19   investors to fill out the round, including other investors in California." *Id.*

20   Then, on December 15, 2021, Emergy and one of its investors, Paul Vronsky, sent the two
21   communications that spurred this litigation. *See id.* ¶¶ 41–51.  Mr. Vronsky is a partner at
22   defendant Bond Capital Management LP, an Emergy investor. *See id.* ¶ 46; Vronsky Email,
23   Sahlsten Decl. Ex. 15, ECF No. 33-15.

24   First, Emergy sent Better Meat a letter reiterating its accusations of trade-secret
25   misappropriation and unfair competition. *See* Dec. 15, 2021 Letter, Sahlsten Decl. Ex. 14, ECF
26   No. 33-14.  Emergy expressed its intent to "move forward with legal action" and "fil[e] a
27   complaint . . . in the immediate future." *Id.*  Emergy further stated it would seek an order
28   /////

1  "directing the Director of the United States Patent and Trademark Office to correct the
2  inventorship" of Better Meat's patent by naming Emergy's founders as the rightful inventors. *Id.*
3      Second, thirteen minutes after Emergy's counsel sent his letter, Vronsky sent Better
4  Meat's "lead investor" the following email:

> I wanted to give you a heads up that one of our portfolio companies, [Emergy], is in a pretty significant trade secret and patent dispute with a company you might be evaluating, The Better Meat Co. I don't know really more than that but as a matter of friendship and courtesy, I thought I would reach out and let you know. I'm happy to connect with your counsel if that is helpful.

Vronsky Email at 2.

   Better Meat filed this lawsuit against Emergy, Bond Capital, and Vronsky two days later, asserting state-law claims for tortious interference and unfair competition under California Business & Professions Code section 17200 *et seq.*[1] *See generally* Compl. At its core, Better Meat's beef with the Emergy and Vronsky communications is its belief that those messages were sent with the "sole intent" of forcing Better Meat to "disclose Emergy's baseless allegations to potential investors as a means of suppressing [Better Meat's] fundraising." *Id.* ¶ 4; *see also id.* ¶ 50 ("Emergy, Mr. Vronsky, and Bond Capital targeted [Better Meat] and its Lead Investor in order to interfere with its fundraising and punish a competitive company in the meat replacement space.").

   Emergy filed a separate lawsuit against Better Meat and Pattillo ten days later, *see* Emergy Compl., Sahlsten Decl. Ex. 1, ECF No. 33-1; it also filed an anti-SLAPP motion to strike Better Meat's state-law claims, arguing both communications are protected by California's litigation privilege as a matter of law, see Mot. Strike, ECF No. 31. Better Meat requested discovery to oppose Emergy's anti-SLAPP motion, arguing discovery is required as determined by the court in *Planned Parenthood Federation of America, Inc. v. Center for Medical Progress*, 890 F.3d 828 (9th Cir. 2018). *See generally* Anti-SLAPP Disc. Appl., ECF No. 47.

---

[1] Better Meat also seeks a declaratory judgment of inventorship. That request is not relevant here.

## II. DISCUSSION

Emergy devotes the majority of its arguments to procedural objections. First, Emergy argues it could not meet and confer "on the full scope" of Better Meat's ex parte request because the parties discussed only a potential deposition of Tyler Huggins, whereas Better Meat now seeks documents as well. *See* Opp'n at 7, ECF No. 48. When Better Meat requested that Emergy make Mr. Huggins available for a deposition, Emergy's position was clear and absolute: "[D]iscovery is not proper in this scenario." Meet and Confer Emails (M&C Emails) at 6, Sahlsten Decl. Ex. 3, ECF No. 48-4. Better Meat was reasonable to conclude that no further meeting and conferring would be productive. The court will not deny Better Meat's request given any purported failure to further meet and confer.

Second, Emergy argues Better Meat's ex parte application does not satisfy this court's civil standing order because Better Meat's own delays are the source of its current urgency. *See* Opp'n at 4–7. Better Meat filed its ex parte application only two days before its opposition to Emergy's anti-SLAPP motion was due and after Emergy had already agreed to delay the hearing beyond the thirty-day deadline set in the California Code of Civil Procedure. *Id.* at 3 (citing Cal. Civ. Proc. Code § 425.16(f)). But that thirty-day deadline does not apply in federal court. *See Bravado Int'l Grp. Merch. Servs., Inc. v. Sean Broihier & Assocs.*, No. 14-03375, 2015 WL 13915022, at *2 (C.D. Cal. Aug. 17, 2015) (holding procedural rules in § 425.16(f) do not apply under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938)). And in any event, Better Meat filed its request only after multiple unsuccessful attempts to resolve the matter with Emergy. *See generally* M&C Emails.

Finally, Emergy claims it would be prejudiced if the court allowed Better Meat's tortious interference and unfair competition claims to "hang as a cloud over Emergy." Opp'n at 7. It does not substantiate that claim or explain what prejudice it would suffer. The court will not deny Better Meat's application on these procedural grounds and thus moves to the merits of that application.

In *Planned Parenthood*, attempting to "prevent the collision of California state procedural rules with federal procedural rules," the Ninth Circuit held that anti-SLAPP motions to strike

4

should be reviewed "under different standards depending on the motion's basis." 890 F.3d at 833. "[O]n the one hand, when an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated." *Id.* at 834. "On the other hand, when an anti-SLAPP motion to strike challenges the factual sufficiency of a claim, then the Federal Rule of Civil Procedure 56 standard [applies]," and "discovery must be allowed . . . before any decision is made by the court." *Id.*

Emergy's motion does not fit neatly into either category. On the one hand, Emergy argues the two communications at the basis of Better Meat's claims—Emergy's letter and Vronsky's email to the "lead investor"—are protected under California's litigation privilege as a matter of law. *See* Opp'n at 9. This challenge goes to the legal sufficiency of Better Meat's claims. On the other hand, Emergy's argument depends heavily on whether its communications related to litigation "contemplated in good faith and under serious consideration." *Action Apartment Ass'n, Inc. v. City of Santa Monica*, 41 Cal. 4th 1232, 1251 (2007). "Whether a prelitigation communication relates to litigation that is contemplated in good faith and under serious consideration is an issue of fact." *Id.* And that question "must be resolved prior to the application of the privilege." *Id.* at 1252. Emergy's motion attaches two declarations and several exhibits, including the declaration of its co-founder, Tyler Huggins, which Emergy submitted to "confirm the seriousness and good faith with which Emergy contemplated litigation at the time it sent the Notice Letter." Opp'n at 17.

On balance, Emergy's motion is a factual challenge. The Huggins declaration discusses, as Better Meat puts it, "some of the most centrally disputed facts in this case." Reply at 3, ECF No. 50. Emergy's evidence attacks Better Meat's allegations directly. *Compare, e.g.*, Huggins Decl. ¶¶ 8–9 (noting that at time of Emergy's December 15 letter to Better Meat, Emergy had "decided to move forward with a lawsuit and began preparing a complaint"), *with, e.g.*, Compl. ¶¶ 3–4 (alleging Emergy sent December 15 letter with "sole intent" of disrupting Better Meat's fundraising efforts). These disputed facts bear directly on whether Emergy was considering litigation seriously and in good faith, a key component of its anti-SLAPP motion.

5

Not all of Emergy's arguments rest on factual challenges. For example, Emergy did ultimately file a lawsuit against Better Meat and Pattillo, and it did so just twelve days after sending its letter to Better Meat. These events and their timing lend support to Emergy's claim that it was indeed contemplating litigation in good faith. But unresolved disputes lurk here as well. Emergy had been raising the possibility of litigation since it first contacted Better Meat and Pattillo. *See* July 16, 2021 Letter at 3 ("We intend to seek damages and/or injunctive relief to eliminate the advantages [Better Meat] has gained through the unfair head start."); *id.* at 6 ("[A]bsent [Better Meat's] immediate cooperation, [Emergy] intends to enforce its rights through all available legal means."). The fact of the eventual lawsuit is thus relevant, but not dispositive. *See Bylin Heating Sys., Inc. v. M & M Gutters, LLC*, No. 07-00505, 2008 WL 744706, at *5 n.4 (E.D. Cal. Mar. 18, 2008) ("The subsequent suit that ensued shortly after the prelitigation communications is certainly a factor. . . . However, the subsequent suit is one factor among many to consider in the good faith and serious contemplation analysis. The litigation privilege does not apply as a matter of law merely because a subsequent suit is filed." (citation omitted)); *Roadrunner Intermodal Servs., LLC v. T.G.S. Transp., Inc.*, Nos. 17-01207, 17-01056, 2019 WL 3946895, at *14 (E.D. Cal. Aug. 21, 2019) ("[W]hile not dispositive, whether a lawsuit was ultimately brought is relevant to the determination of whether one was contemplated in good faith at the time of the demand letter.").

In sum, the court cannot find the litigation privilege applies as a matter of law. *See Salon Supply Store, LLC v. Creative Nail Design, Inc.*, No. 14-01083, 2015 WL 11438492, at *4 (S.D. Cal. June 19, 2015) ("The question of whether the litigation privilege applies is 'a matter of law' when the circumstances under which the communication was made are not in dispute." (quoting *Costa v. Superior Ct.*, 157 Cal. App. 3d 673, 678 (1984))); *Edwards v. Centex Real Est. Corp.*, 53 Cal. App. 4th 15, 35 n.10 (1997) (noting that even in case of "classic example" of prelitigation communication—an attorney's threat to file suit if claim not settled—factual determination as to good faith must precede application of privilege).

Because Emergy challenges Better Meat's complaint on factual grounds, California law requires Better Meat to respond with credible evidence showing a "reasonable probability" of

prevailing on its claims.² *Planned Parenthood*, 890 F.3d at 833 (citing § 425.16(b)).  Discovery must therefore be permitted.  *Id.* at 833–34 ("Requiring a presentation of evidence without accompanying discovery would improperly transform the motion to strike under the anti-SLAPP law into a motion for summary judgment without providing any of the procedural safeguards that have been firmly established by the Federal Rules of Civil Procedure.").

### III.   CONCLUSION

The court **grants** Better Meat's request for discovery.  Better Meat may conduct expedited discovery, including making targeted document requests and taking the deposition of Tyler Huggins, narrowly focused on the question whether Emergy had a good-faith intent of filing a lawsuit at the time of the contested communications.  The parties shall meet and confer to develop a schedule for the expedited discovery to ensure its prompt completion.  The court will hear argument on Emergy's anti-SLAPP motion on July 29, 2022, with supplemental briefing due as directed by Local Rule 230.

This order resolves ECF No. 47.

IT IS SO ORDERED.

DATED:  May 24, 2022.

CHIEF UNITED STATES DISTRICT JUDGE

---

² Although the Ninth Circuit has determined that Rule 56 applies to anti-SLAPP motions made on factual grounds, it did not express its intent to replace the "reasonable probability" standard of California's anti-SLAPP law with Rule 56's "genuine dispute of material fact" standard.  *See Todd v. Lovecruft*, No. 19-01751, 2020 WL 60199, at *7–8 (N.D. Cal. Jan. 6, 2020).  The parties have not addressed that uncertainty, and resolving it would not change the result here.