UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTER MEAT COMPANY, | No. 2:21-cv-02338-KJM-CKD |
| Plaintiff, | |
| v. | ORDER |
| EMERGY, INC., dba MEATI FOODS, et al., | |
| Defendants. | |

Plaintiff Better Meat Company ("Better Meat") moves for an order compelling discovery, including depositions and further production of documents, including attorney-client privileged documents. (ECF No. 70.) The parties appeared for a hearing on this matter via videoconference on July 27, 2022. Counsel Jeffrey Theodore and Eric Scott Schlabs appeared for Better Meat, Jeffrey Daniel Smyth, David Mroz, and Sonja Sahlsten for defendant Emergy, Inc. ("Emergy"), and Michael Jones and Kate McKenney for Bond Capital Management LP and Paul Vronsky ("Bond defendants").

**I. BACKGROUND**

Better Meat alleges it invented a meat substitute called "Rhiza," whose underlying technology resulted from "extensive time, effort, and resources devoted by [Better Meat] to researching mycelium- and mycoprotein-based foods." (Compl. ¶¶ 16–17, ECF No. 1.) In

1

1   connection with Rhiza and its underlying technology, a patent issued to Better Meat in July 2021.
2   (Id. ¶¶ 18–19.) Augustus Pattillo, Better Meat's co-founder and former Chief Technology Officer,
3   was listed as the sole inventor. (Id. ¶¶ 30, 69.)

4         Three days after Better Meat obtained its patent, Emergy, a competitor in the animal-free
5   meat business, sent "twin letters" to Better Meat and Pattillo. (Id. ¶ 30; ECF No. 33-9 & 10.) The
6   letters asserted Pattillo had worked for Emergy and had used and disclosed Emergy's confidential
7   and proprietary information to develop and patent Better Meat's products. (Id.) Emergy accused
8   Better Meat and Pattillo of trade secret misappropriation and unfair competition and demanded
9   Better Meat withdraw Rhiza from the market, "correct" the patent, and assign ownership to
10  Emergy. (Id.) Better Meat refused and denied Emergy's allegations but offered to consider
11  whatever evidence Emergy could offer. (See ECF No. 33-11.) Emergy responded but Better Meat
12  was unmoved. (See ECF Nos. 33-12, 33-13.)

13        In late November 2021, Better Meat formally engaged with potential investors in a "Series
14  A financing round." (Compl. ¶¶ 36–38.) Better Meat hoped to secure funding to build a facility
15  capable of commercial-scale production. (Id. ¶ 38.) To those ends, Better Meat signed a term
16  sheet with a "lead investor" for the Series A investment round, a "prominent and well-regarded
17  California private equity investor with many years in the industry and extensive contacts and
18  name recognition." (Id. ¶ 39.) Better Meat "used that investor's name while soliciting further
19  investors to fill out the round, including other investors in California." (Id.) Then, on December
20  15, 2021, Emergy and one of its investors, Paul Vronsky, sent the two communications that
21  spurred this litigation. (See id. ¶¶ 41–51.) Mr. Vronsky is a partner at defendant Bond Capital
22  Management LP, an Emergy investor. (See id. ¶ 46; ECF No. 33-15.)

23        First, Emergy sent Better Meat a letter reiterating its accusations of trade-secret
24  misappropriation and unfair competition. (See ECF No. 33-14.) Emergy expressed its intent to
25  "move forward with legal action" and "fil[e] a complaint . . . in the immediate future." (Id.)
26  Emergy further stated it would seek an order "directing the Director of the United States Patent
27  and Trademark Office to correct the inventorship" of Better Meat's patent by naming Emergy's
28  founders as the rightful inventors. (Id.) Second, thirteen minutes after Emergy's counsel sent his

letter, Vronsky sent Better Meat's "lead investor" the following email:

> I wanted to give you a heads up that one of our portfolio companies, [Emergy], is in a pretty significant trade secret and patent dispute with a company you might be evaluating, The Better Meat Co. I don't know really more than that but as a matter of friendship and courtesy, I thought I would reach out and let you know. I'm happy to connect with your counsel if that is helpful.

(Vronsky Email at 2.)

Better Meat filed this lawsuit against Emergy, Bond Capital, and Vronsky two days later, seeking a declaratory judgment of inventorship, and asserting state-law claims for tortious interference and unfair competition under California Business & Professions Code section 17200 et seq. (ECF No. 1.) Better Meat alleges the Emergy and Vronsky communications were sent with the "sole intent" of forcing Better Meat to "disclose Emergy's baseless allegations to potential investors as a means of suppressing [Better Meat's] fundraising." (Id. ¶ 4; see also id. ¶ 50.)

Emergy filed a separate lawsuit against Better Meat and Pattillo ten days later (see ECF No. 33-1); it also filed an anti-SLAPP motion to strike Better Meat's state-law claims, arguing the communications at issue are protected by California's litigation privilege as a matter of law (ECF No. 31).[1] Better Meat requested and was granted an opportunity to conduct expedited discovery to oppose the anti-SLAPP motion. (ECF No. 66 at 7.)[2] The May 25, 2022, order granting expedited discovery states as follows:

> The court grants Better Meat's request for discovery. Better Meat may conduct expedited discovery, including making targeted document requests and taking the deposition of Tyler Huggins, narrowly focused on the question whether Emergy had a good-faith intent of filing a lawsuit at the time of the contested communications.

(Id.)

On July 6, 2022, Better Meat filed the instant motion to compel. (ECF No. 70.) The parties filed a joint statement addressing the discovery dispute on July 13, 2022. (ECF No. 73.)

---

[1] The anti-SLAPP motion was set for a hearing to take place on July 29, 2022. (ECF No. 66.) On July 25, 2022, the court vacated the hearing and deemed the motion submitted without oral argument. (ECF No. 78.)

[2] Citations to page numbers in CM/ECF documents refer to the page number at the top of the document assigned by CM/ECF.

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 26(b)(1), parties

> May obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. Pro. 26(b)(1). "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009) (citations omitted).

Under Rule 37, a party seeking discovery may move for an order compelling production if the responding party fails to produce documents responsive to a discovery request. Fed. R. Civ. P. 37(a)(3)(B). Local Rule 251 requires the parties to submit a Joint Statement re Discovery Disagreement in support of any motion to compel containing all arguments and briefing relevant to the motion. E.D. Cal. Local Rule 251(c).

California's attorney-client privilege, set forth at Evidence Code section 954, "confers a privilege on the client 'to refuse to disclose, and to prevent another from disclosing, a confidential communication between client and lawyer.'" Costco Wholesale Corp. v. Superior Ct., 47 Cal. 4th 725, 732 (2009). "The party claiming the privilege has the burden of establishing the preliminary facts necessary to support its exercise, i.e., a communication made in the course of an attorney-client relationship." Id. at 733. "Once that party establishes facts necessary to support a prima facie claim of privilege, the communication is presumed to have been made in confidence and the opponent of the claim of privilege has the burden of proof to establish the communication was not confidential or that the privilege does not for other reasons apply." Id.

## III. DISCUSSION

**A. Relief Requested in the Motion to Compel**

Better Meat seeks an order (1) compelling Emergy to produce documents responsive to

Better Meat's Requests for Production, Set One, including privileged communications; (2) compelling Defendants Bond and Vronsky to produce documents responsive to Better Meat's Requests for Production, Set One; (3) compelling defendants to produce Vronsky, Justin Whiteley, Noah Knauf, Joshua Posamentier, Nancy Xiao, Lucas Mann, and Christina Ra for depositions regarding the matters at issue in Emergy's anti-SLAPP motion; and (4) compelling Emergy to produce Tyler Huggins for a renewed deposition where he is required to answer questions as to which he was instructed not to answer or otherwise refused to answer at his July 1, 2022 deposition. (ECF No. 70 at 4.)

### B. Attorney-Client Privilege

Better Meat seeks attorney-client protected communications, asserting the privilege was waived when the contents of those communications were put at issue by Emergy's anti-SLAPP motion to strike and claim therein it had a good faith intent to file suit when it made the communications at issue. Better Meat argues "by filing an anti-SLAPP motion and citing conversations with [and] correspondence sent by its counsel as evidence of 'good faith' intent to sue (ECF No. 31 at 10-11 and Supp. Br. At 5)—Defendant put any "conversations with counsel" manifesting that intent "at issue." (ECF No. 73 at 37-38.) Better Meat also argues the privilege was waived because Emergy selectively disclosed the protected communications through such use. (Id. at 34-38.)

Emergy argues the privilege is not waived because neither the content of the attorney-client communications nor attorney advice were put at issue in its anti-SLAPP motion. (ECF No. 73 at 38.) Instead, Emergy argues, the privilege log was used to demonstrate the timing of when Emergy developed its good faith intent to file suit against Better Meat, which does not implicate the substance of any attorney-client communications. (Id.)

"The privilege which protects attorney-client communications may not be used both as a sword and a shield. Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived." Kaiser Found. Health Plan, Inc. v. Abbott Labs., Inc., 552 F.3d 1033, 1042 (9th Cir. 2009) (quoting Chevron Corp. v. Pennzoil Co., 974 F.2d 1156, 1162 (9th Cir. 1992)). "[A]n implied waiver of the attorney-client

privilege occurs when (1) the party asserts the privilege as a result of some affirmative act, such as filing a suit, (2) through this affirmative act, the asserting party puts the privileged information at issue, and (3) allowing the privilege would deny the opposing party access to information vital to its defense." Home Indem. Co. v. Lane Powell Moss & Miller, 43 F.3d 1322, 1326 (9th Cir. 1995). Most often, a defendant puts the privileged information at issue through assertion of an affirmative defense. Fox v. Cal. Sierra Financial Servs., 120 F.R.D. 520, 530 (N.D. Cal. 1988) (quoting Lorenz v. Valley Forge Ins. Co., 815 F.2d 1095, 1099 (7th Cir. 1987)); see also Sedco Int'l, S. A. v. Cory, 683 F.2d 1201, 1206 (8th Cir. 1982) ("Courts have found waiver by implication when a client testifies concerning portions of the attorney-client communication, when a client places the attorney-client relationship directly at issue, and when a client asserts reliance on an attorney's advice as an element of a claim or defense[.]" (citations omitted).)

As set forth, here Better Meat points to Emergy's Anti-SLAPP motion. (ECF No. 67.) The supplemental briefing included exhibits and two declarations, including a declaration from its CEO Tyler Huggins. (ECF No. 68.) Better Meat argues Emergy's Anti-SLAPP motion relies on the contents of its privilege log, including Emergy's own characterization of selected portions of its December 2021 communications and decision-making, and thus that fairness requires an implied waiver of the attorney-client privilege be found as to those communications. Better Meat argues Emergy is attempting to use the privilege as a shield and a sword by asserting a good faith intention to sue in the anti-SLAPP motion while at the same time withholding communications that would show the truth or falsity of its claim. (ECF No. 73 at 34-35; Id. at 37 n. 7.)

However, Emergy's assertion of a good faith intention to sue, as relevant to its motion to strike under anti-SLAPP, does not depend on the content of its attorney-client privileged communications. The content of Emergy's attorney-client protected communications may well be relevant to a determination of Emergy's assertion of a good faith intention to file suit. But the privileged information has not been placed at issue in such a manner that allowing the privilege would be manifestly unfair. See Home Indem. Co., 43 F.3d at 1326 ("an overarching consideration is whether allowing the privilege to protect against disclosure of the information would be 'manifestly unfair' to the opposing party").

   Citing <u>Synthes USA, LLC v. Spinal Kinetics, Inc.</u>, No. C-09-01201 RMW, 2011 WL 11709387, at *17 (N.D. Cal. Aug. 19, 2011), Better Meat argues "reliance on a privilege log while refusing to waive privilege" is improper. (<u>See</u> ECF No. 73 at 37.) The plaintiff in <u>Synthes</u> had offered its privilege logs to show diligence, a material fact pertaining to its unsuccessful motion for summary judgment. <u>Synthes</u>, 2011 WL 11709387, at 17. As Emergy points out, implied waiver was not at issue in that case and was not found. Instead, the district court made the quoted observation in finding the plaintiff had failed to carry its evidentiary burden with citation to a privilege log. <u>See</u> <u>Id.</u>

   Better Meat's cited cases are inapposite to the extent they involve affirmative defenses based on advice of counsel. Unlike in those situations, Emergy's assertion of a good faith intent to sue does not rely on advice of counsel or the specific content of claimed communications with counsel. <u>See, e.g.</u>, <u>Rhone-Poulenc Rover Inc. v. Home Indem. Co.</u>, 32 F.3d 851, 863 (3rd Cir. 1994) (attorney-client communications are not at issue merely because they are relevant); <u>In re Schuman v. Microchip Tech. Inc.</u>, No. 16-cv-05544-HSG-EDL, 2019 WL 8333737, at *4 (N.D. Cal. Jan. 8, 2019) ("The information sought must be *directly* relevant and *necessary* to allow a party to fully challenge the claims or defenses of the party asserting the privilege, and the information cannot be secured through other sources." (alterations and emphasis in original)) (quoting <u>Lidoderm Antitrust Litig.</u>, 2016 WL 4191612, at *4 (N.D. Cal. Aug. 9, 2016); <u>cf.</u> <u>Chevron</u>, 974 F.2d at 1162-63 (finding waiver of the privilege with respect to communications with counsel regarding a securities filing when the party intended to rely upon advice of counsel to establish the reasonableness of the filing).

   In addition, Better Meat identifies nothing in the privilege log or the supplemental briefing that discloses the contents of privileged communication with counsel. <u>See</u> <u>Genentech, Inc. v. Insmed Inc.</u>, 236 F.R.D. 466, 469 (N.D. Cal. 2006) ("Waiver is not likely to be found when the statements alleged to constitute waiver do not disclose the contents of a specific communication between client and attorney.") (citing <u>Laser Indus. v. Reliant Technologies</u>, 167 F.R.D. 417, 446 (N.D. Cal. 1996)); <u>see also</u> <u>Planet Aid, Inc. v. Reveal, Center for Investigative Reporting</u>, No. 17-cv-03695-MMC (JSC), 2018 WL 6079617, at *1-2 (N.D. Cal. Nov. 21, 2018) (party did not

7

impliedly waive privilege regarding counsel's legal review of the disputed articles in an anti-SLAPP case where the party recited the fact that they consulted with counsel but did not rely upon the content of the communications or claim they could not have acted with actual malice because of counsel's advice).

Emergy's anti-SLAPP motion does not rely on advice of counsel or the specific content of privileged communications. No implied waiver of the attorney-client privilege resulted in this instance.

**B. Depositions**

On July 1, 2022, Better Meat took the deposition of Emergy's anti-SLAPP declarant and CEO Tyler Huggins. (See ECF No. 73 at 18.) Better Meat states Mr. Huggins refused or was unable to answer questions about the communications at issue in the litigation, and "[b]oth before and after that deposition, Defendants refused to make any additional witnesses available for deposition." (Id. at 18-19, 48.) Better Meat argues the court should order additional depositions as necessary to understand the documents on which Emergy relies but to which Mr. Huggins was unable to speak. (Id. at 48-53.) Better Meat seeks an order compelling defendants to produce Vronsky, Justin Whiteley, Noah Knauf, Joshua Posamentier, Nancy Xiao, Lucas Mann, and Christina Ra for depositions regarding the matters at issue in Emergy's anti-SLAPP motion, and compelling Emergy to produce Tyler Huggins for a renewed deposition where he is required to answer questions as to which he was instructed not to answer or otherwise refused to answer at his July 1, 2022 deposition. (ECF No. 70 at 4.)

Emergy and the Bond defendants respond that the court should deny Better Meat's request for additional depositions as outside the narrow scope of the court-ordered discovery. (ECF No. 73 at 53, 56-57.) Emergy also argues Dr. Huggins testified regarding all the facts he was asked, that Better Meat mischaracterizes the testimony in claiming otherwise, and that Better Meat has already exceeded the narrow scope of court-ordered discovery and should not be permitted to expand it further by seeking seven more depositions. (Id. at 53-54.)

Better Meat argues the court's order granting expedited discovery explicitly included the deposition of Mr. Huggins and did not exclude the possibility of other depositions. (ECF No. 73

at 48-53.) However, the current dispute is over the terms and scope of the order granting expedited discovery, rather than a failure to appear for noticed depositions. To the extent Better Meat seeks the terms of the discovery order to be modified and expanded to explicitly provide for additional depositions, such a request must be made to the district judge who issued the discovery order. See, e.g., Watts v. Allstate Indemnity Co., 2:08–cv–01877 LKK KJN, 2012 WL 5289314, at *2 (E.D. Cal. Oct. 23, 2012) (magistrate judge does not have authority to amend district judge's scheduling order). At the hearing on this matter, the parties agreed that Better Meat did not serve notices of depositions as to the additional desired deponents. This omission prevents the court from granting the specific relief sought of compelling defendants—at this time—to produce the individuals for depositions.

Rule 30(b)(1) of the Federal Rules of Civil Procedure states: "A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition...." Fed. R. Civ. P. 30(b)(1). Thus, to initiate a deposition, the deposing party must first notice the deposition by serving the notice on the opposing party. See Sali v. Corona Reg'l Med. Ctr., 884 F.3d 1218, 1222 (9th Cir. 2018) ("The only requirement is that the party be 'served with proper notice' of the deposition beforehand.").

Before a party can move to compel a deposition, it first must show that it served notice of the deposition and that the noticed deponent failed to attend. Huddleston v. Bowling Green Inn of Pensacola, 333 F.R.D. 581, 588 (N.D. Fla. 2019); see also Nuskey v. Lambright, 251 F.R.D. 3, 12 (D.D.C. 2008) (declining to address merits of the dispute and denying a motion to compel where the plaintiff did not serve a notice of deposition that met the requirements of Fed. R. Civ. P. 30(b)(1) before filing the motion to compel). "Absent evidence that the witnesses at issue were given reasonable written notices stating the time and place of their depositions, as required by Rule 30(b)(1), or that they failed to comply with subpoenas compelling their attendance, pursuant to Rule 45, the Court has no authority to compel witnesses, including the parties, to attend any depositions." Pegoraro v. Marrero, 281 F.R.D. 122, 128 (S.D.N.Y. 2012); see also Siegel v. Truett-McConnell Coll., Inc., 13 F. Supp. 2d 1335, 1337 (N.D. Ga. 1994), aff'd on other grounds, 73 F.3d 1108 (11th Cir. 1995).

Because notices of deposition were not served, and witnesses did not fail to appear, procedural defects in Better Meat's current attempts to obtain the depositions prevent the undersigned from granting the relief sought in this motion to compel. See, e.g., Althouse v. Warner Bros. Ent., No. CV 13-0696 RGK (SSx), 2014 WL 12577158, at *3 (C.D. Cal. Mar. 26, 2014) (denying request for order compelling depositions as premature and procedurally defective where depositions were not noticed, notwithstanding other communications about the desired depositions).

**C. Disputes over Production of Documents**

**1. Emergy RFP No. 4**

*Emergy RFP 4:*

*All documents that You relied on to support a good faith belief that Tyler Huggins and Justin Whitely are rightful inventors of the '137 Patent or of any other patent or patent application of BMC or Gus Pattillo or that Emergy's trade secrets have been used by BMC.*

(ECF No. 73 at 57.)

Emergy produced some responsive documents to this request, but only those "related to… Emergy's good-faith intent of filing a lawsuit….'" (See id.)

Better Meat argues the withheld documents involve subject matter put at issue in the anti-SLAPP motion, in which Emergy averred in support of its alleged prior intent to sue that "[Emergy]'suspected around June 2021 that Mr. Pattillo breached his NDA and that [Better Meat] and Mr. Patillo used [Emergy's] trade secrets and proprietary and confidential information without authorization." (ECF No. 73 at 58.) Better Meat argues the requested documents are likely to demonstrate Emergy did not have a "good faith belief in its inventorship claim," which supports the conclusion that it did not have a good faith intention to file a suit, and instead intended to use baseless threats to interfere with Better Meat's fundraising. (Id.)

Emergy argues the request improperly addresses the strength of Emergy's claims rather than whether Emergy intended to file suit and is therefore premised on an incorrect legal theory. (ECF No. 73 at 59.) Emergy argues the applicable analysis does not turn on Emergy's belief in

the strength of its claims, but rather, only on whether Emergy intended to file suit at the time of the contested communications. (Id.) Emergy argues the request is therefore outside the narrowly tailored discovery at issue. (Id.)

"If a defendant makes an anti-SLAPP motion to strike founded on… a factual challenge, then the motion must be treated as though it were a motion for summary judgment and discovery must be permitted." Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress, 890 F.3d 828, 833 (9th Cir.), amended, 897 F.3d 1224 (9th Cir. 2018) Thus, in this case, the court granted discovery "narrowly focused on the question whether Emergy had a good-faith intent of filing a lawsuit at the time of the contested communications." (ECF No. 66 at 7.) The purpose of this discovery is to allow Better Meat to challenge factual issues raised in Emergy's anti-SLAPP motion, including whether Emergy's communications to Better Meat related to litigation contemplated in good faith and under serious consideration. (Id. at 5.) The notion of good faith in this context is relevant only to the question whether the communications were "made with a '*good faith intention to bring a suit*,' and not whether there is a good faith basis for the *claims*.'" Niantic, Inc., v. GLOBAL++, et al., No. 19-CV-03425-JST, 2020 WL 1548465, at *7 (N.D. Cal. Jan. 30, 2020) (emphasis in original); see also Action Apartment Assn., 41 Cal. 4th 1232, 1251 (2007); Mansell v. Otto, 108 Cal. App. 4th 265, 277 n.47 (2003)) (whether there is a good faith basis for the claims is "irrelevant to the inquiry of whether the litigation privilege is applicable").

While Better Meat must be afforded a fair and reasonable opportunity to muster evidence to defeat the anti-SLAPP motion, the court also has a duty to ensure that the discovery process is not abused to achieve goals that the anti-SLAPP statute is intended to prevent. See Wynn v. Bloom, No. 2:18-cv-0609-JCM-GWF, 2019 WL 1983044, at *6 (D. Nev. May 2, 2019). Under Rule 56(d) of the Federal Rules of Civil Procedure, the scope of discovery required is that which is essential to Better Meat's opposition to Emergy's anti-SLAPP motion. See Williams v. Kula, No. 3:20-CV-1120-GPC-AHG, 2020 WL 5046864, at *9 (S.D. Cal. Aug. 26, 2020) ("Under the Rule 56(d) standard that applies here, discovery needed to oppose an anti-SLAPP motion challenging the factual sufficiency of a complaint is limited to discovery essential to plaintiff's opposition.") In addition, the court's order allowing expedited discovery provided for discovery

"narrowly focused on the question whether Emergy had a good-faith intent of filing a lawsuit at the time of the contested communications" (ECF No. 66 at 7), rather than full discovery which Better Meat argued for at the hearing on its request for expedited discovery (see ECF No. 65 at 28). Since Emergy's good faith basis for the claims, if any, is not directly relevant and necessary to the determination whether it had a good faith intention to bring a suit, documents pertaining to Emergy's good faith belief about the merits of its claims are not essential to Better Meat's opposition. Therefore, the challenged portion of the request to which Emergy did not produce documents is outside the scope of discovery required by Rule 56(d) and outside the scope of the court's order allowing expedited discovery in the form of targeted discovery.

### 2. Additional Documents

As to RFP's 1-10 to Emergy, and 1-3 to Bond and Vronsky, Better Meat asserts defendants are withholding additional responsive documents, including text messages and emails referenced in materials they produced. (ECF No. 73 at 60.) Better Meat requests defendants be ordered to "make a full search and production of documents relating to their December 2021 plan of conduct regarding [Better Meat] and its Lead Investor." (Id. at 61.)

All defendants contend that no additional responsive documents are being withheld. (ECF No. 73 at 61-62.)

Better Meat argues Emergy and Bond produced "partially overlapping but inconsistent sets of text messages regarding the email to BMC's Lead Investor, each omitting relevant texts and suggesting that more exist and have not been found." (ECF No. 73 at 60.) However, the cited text message threads at Exhibits 6 and 11 to the joint statement do not demonstrate the substantive deficiencies necessary for the court to compel further search or production. See Lugo v. Fisher, No. 1:19-cv-0039-NONE-SAB, 2020 WL 2770074, at *2 (E.D. Cal. May 28, 2020) (in the absence of legal or fact-based substantive deficiencies, a party is required to accept responses that are facially legally sufficient). Better Meat does not identify in either defendant's production the relevant texts omitted by the other defendants or explain how the text message threads are inconsistent. There is no apparent omission indicating that further responsive text messages exist.
////

Finally, Better Meat argues the Bond defendants have "failed to produce any communications between Ms. Xiao and Mr. Mann" which Better Meat believes exist because other discovery has indicated Ms. Xiao "passed her knowledge [about BMC's Series A fundraising] along to Mr. Mann." (ECF No. 73 at 60-61). Better Meat cites to several emails and texts in Exhibits 12 through 15 to the joint statement but does not explain how those exhibits demonstrate that further responsive documents exist. Again, there is no apparent omission. A party's mere suspicion that additional documents exist is insufficient to compel further search or production. See Lugo, No. 1:19-cv-0039-NONE-SAB, 2020 WL 2770074, at *2.

## IV.  CONCLUSION AND ORDER

For the reasons set forth, IT IS HEREBY ORDERED:

1. Better Meat's Requests to Seal Documents (ECF Nos. 69, 74) pertaining to the discovery dispute are GRANTED.
2. Better Meat's Motion to Compel (ECF No. 70) is DENIED.

Dated:  July 28, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.BetterMeat21cv2338.mtc

13