J. Noah Hagey, Esq. (SBN: 262331)
  hagey@braunhagey.com
Matthew Borden, Esq. (SBN: 214323)
  borden@braunhagey.com
Jeffrey M. Theodore, Esq. (SBN: 324823)
  theodore@braunhagey.com
Robert Petraglia, Esq. (SBN: 264849)
  petraglia@braunhagey.com
BRAUNHAGEY & BORDEN LLP
351 California Street, 10th Floor
San Francisco, CA 94104
Telephone: (415) 599-0210
Facsimile: (415) 599-0210

Eric Schlabs, Esq. (*pro hac vice*)
  schlabs@braunhagey.com
BRAUNHAGEY & BORDEN LLP
118 W 22nd Street, 12th Floor
New York, NY 10011
Telephone: (646) 829-9403
Facsimile: (646) 829-9403

ATTORNEYS FOR PLAINTIFF
THE BETTER MEAT CO.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BETTER MEAT CO.,<br><br>Plaintiff,<br><br>v.<br><br>EMERGY, Inc. d/b/a MEATI FOODS, PAUL VRONSKY, and BOND CAPITAL MANAGEMENT LP,<br><br>Defendants. | Case No: 2:21-CV-02338-KJM-CKD<br><br>**PLAINTIFF'S MOTION TO DESIGNATE THE DEPOSITION TRANSCRIPT OF TYLER HUGGINS, Ph.D. NOT CONFIDENTIAL**<br><br>*[Filed concurrently with Declaration of Jeffrey M. Theodore; and [Proposed] Order]*<br><br>**Date:** September 16, 2022<br>**Time:** 10 a.m.<br>**Ctrm:** Courtroom 3, 15th Floor<br>**Judge:** Hon. Kimberly J. Mueller<br><br>**Complaint Filed:** December 17, 2021 |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 16, 2022 at 10 a.m. in Courtroom 3 of the above-entitled Court, Plaintiff The Better Meat Co. ("Plaintiff" or "Better Meat") will and hereby does move for an order that the Deposition Transcript of Tyler Huggins is not confidential. (ECF No. 71, Ex. 1).

The motion will be based upon the Memorandum of Points and Authorities, the Declaration of Jeffrey M. Theodore, the Court's files and records in this action, and upon any further evidence and argument that the Court may receive at or before the hearing.

Dated: August 10, 2022

Respectfully submitted,

BRAUNHAGEY & BORDEN LLP

By:   /s/ *Jeffrey M. Theodore*
        Jeffrey M. Theodore

*Attorneys for Plaintiff
The Better Meat Co.*

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

BACKGROUND ............................................................................................................ 2

ARGUMENT .................................................................................................................. 4

I.   NO PART OF MR. HUGGINS'S DEPOSITION TRANSCRIPT SHOULD BE SEALED ........................................................................................................ 4

II.  DEFENDANT HAS BEEN INCONSISTENT IN ITS CONFIDENTIALITY CLAIMS .................................................................................................................. 7

III. DEFENDANT'S IMPROPER CONFIDENTIALITY CLAIMS FURTHER ITS GOAL OF DISRUPTING BMC'S FUNDRAISING ................................. 9

CONCLUSION ............................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Dakota Med. v. Rehabcare Grp.*,
  No. 1:14-cv-02081-DAD-BAM, 2016 WL 6493896 (E.D. Cal. Nov. 2, 2016) .............................. 5

*Dekker v. Vivint Solar*,
  No. 3:19-cv-07918-WHA, 2022 WL 1422565 (N.D. Cal. May 5, 2022) ...................................... 4

*Foltz v. State Farm Mutual Auto Insurance Co.*,
  331 F.3d 1122 (9th Cir. 2003) ................................................................................................ 4, 10

*Kamakana v. City and County of Honolulu*,
  447 F.3d 1172 (9th Cir. 2006) .......................................................................................... passim

*Neasham & Kramer, LLP v. Neff*,
  No. 2:19-cv-00565-MCE-KJN, 2021 WL 6500719 (E.D. Cal. Dec. 13, 2021) ............................ 6

*Nixon v. Warner Commc'ns*,
  435 U.S. 589 (1978) ............................................................................................................... 4, 7

## OTHER AUTHORITIES

U.S. Patent No. 11,058,137 ("the BMC Patent") ............................................................................ 2

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff The Better Meat Co. ("BMC") respectfully submits this Memorandum of Points and Authorities in support of its Motion to Designate the Deposition Transcript of Tyler Huggins Not Confidential.

## INTRODUCTION

BMC brings this motion to challenge Defendant Emergy's insistence that BMC treat large swathes of the recent deposition of Tyler Huggins as Attorneys' Eyes Only and that it keep the entire transcript confidential—down to the names of the witness and the participating lawyers. Defendant's position has no legal basis and is compromising BMC's ability to keep its executives, investors, and potential investors apprised of developments in this case. This stance compounds damage to BMC's business and fundraising that is the entire purpose of Defendant's false allegation of trade secret misappropriation.

Particularly given the cost of this litigation and the resource disparity between the parties, BMC had hoped and attempted to resolve this matter without motion practice. But, consistent with its trench warfare approach, Defendant has steadfastly refused to permit key portions of the transcript from being seen by *anyone* inside BMC. As a result, no one at BMC has been able to review the unredacted briefing on Defendant's pending anti-SLAPP motion. And Defendant will not permit *any* part of the transcript to be seen outside of three people at BMC.

Despite repeated requests, Defendant has provided no explanation as to why disclosure of any aspect of the transcript would cause it competitive harm, either in correspondence with BMC or in support of sealing requests placed before this Court. As a result, Defendant cannot satisfy the "compelling reasons" standard required to overcome the "strong presumption of access to judicial records" applicable to documents submitted to support or oppose dispositive motions, including an anti-SLAPP motion. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Because nothing said during Mr. Huggins's deposition is the type of sensitive business material for which a "compelling reason" to seal exists and because Defendant has not satisfied its burden, the Court should unseal the transcript.

## BACKGROUND

BMC is a Sacramento-based startup that has invented and patented a healthy and eco-friendly mycelium-based meat substitute. In July 2021, BMC received U.S. Patent No. 11,058,137 ("the BMC Patent") for a novel, animal-free protein that can be used as a shelf-stable, alternative meat. Defendant Emergy is a heavily funded company that has pursued various mycelium ventures, such as making batteries, toothpaste, and snacking chips, and is now trying to sell a meat substitute.

After learning of the BMC Patent, Defendant began using its superior financial resources to try to undermine BMC's business, first by sending a series of letters accusing BMC of trade secret misappropriation and claiming to own the BMC Patent. ECF No. 53 at 3. BMC responded by explaining that the materials Defendant had provided were not "evidence" that Defendant had developed BMC's technology or owned the BMC Patent. *Id.* at 4. Defendant did not respond for over three months. But after learning about BMC's Series A fundraising round on December 8, 2021, Defendant revived its disruptive efforts, which culminated in a December 15, 2021 letter to BMC threatening to file litigation (the "Interference Letter") and a December 15, 2021 email from Defendant's investor, Defendant Paul Vronsky, to BMC's Series A Lead Investor falsely claiming that BMC and Defendant were in a "pretty significant trade secret and patent dispute" (the "Investor Email"). ECF No. 67 at 4.

On December 17, 2021, BMC filed this action against Defendants to redress their interference with BMC's Series A fundraising round and put to rest their false claim that they own the BMC Patent. ECF No. 1. Ten days later, on December 27, 2021, Defendant filed a separate case arising from its allegations that Mr. Pattillo stole Defendant's purported trade secrets. *See Emergy, Inc. v. The Better Meat Co.*, No. 2:21-cv-02417-KJM-CKD.

On February 7, 2022, Defendant filed an anti-SLAPP Motion (ECF No. 31). Because Defendant's anti-SLAPP Motion relied on additional evidence and averments that it had injected into the record, the Court held that "Better Meat may conduct expedited discovery, including making targeted document requests and taking the deposition of [Emergy CEO] Tyler Huggins, narrowly focused on the question whether [Defendant] had a good-faith intent of filing a lawsuit at the time of the contested communications." ECF No. 66 at 7.

1  BMC deposed Mr. Huggins on July 1, 2021, at which time Defendant insisted that the entire
2  transcript be treated as attorneys' eyes only ("AEO") but promised to provide revised designations
3  in a prompt manner. Before filing its supplemental anti-SLAPP brief on July 8, BMC reached out
4  to confirm that the pages it sought to use did not contain confidential material and could be filed
5  publicly. (Declaration of Jeffrey Theodore ("Theodore Decl."), Ex. 1.) Defendant refused, instead
6  maintaining its AEO designation for the whole transcript. Given Defendant's designations and in
7  compliance with the Local Rules, BMC filed a Request to Seal Documents, stating it "does not
8  agree that [the transcript is] confidential and reserves its right to oppose any submission in support
9  of sealing as well as to challenge the confidentiality of such information on the merits in this
10 litigation." ECF No. 72 at 1. BMC filed a similar request on July 13, when the parties cited the
11 transcript in the Joint Statement re Discovery Disagreement (ECF No. 74).

12  Defendant did not file any material in support of the requests to seal or in any way
13 substantiate any claim that it would suffer business injury in the event of disclosures. Instead, on
14 July 20, Defendant informed BMC that it would maintain a Confidential designation on the entire
15 transcript and provided a version that redacted information it claimed to be AEO. Defendant
16 instructed BMC that it can show this redacted transcript only to "two people from BMC and Mr.
17 Pattillo." (Theodore Decl., Ex. 1 at 6.)

18  BMC responded that Defendant had "[p]rovide[d] no support or explanation for any of [its]
19 claims of confidentiality or AEO" and again asked Defendant to provide any basis for those claims.
20 (*Id* at 4.) Over the course of more than a dozen emails and at least two meet and confer sessions,
21 BMC repeatedly requested that Defendant narrow and substantiate its designations. Yet, Defendant
22 still has not provided any explanation why any of the material it seeks to withhold is confidential,
23 must less be treated as attorneys' eyes only. It has responded only that "we must protect Emergy's
24 confidential information" and insists that the entire transcript remain confidential. (*Id* at 2.)[1]

---

[1] Magistrate Judge Delaney issued a one-sentence order summarily granting the request to seal the filings relating to the parties' discovery dispute, which included the Huggins transcript. ECF No. 80 at 13. However, that order is not controlling because a different standard applies to dispositive versus discovery motions. *See Kamakana*, 447 F.3d at 1179–80 ("good cause" standard applicable to discovery motions "will not suffice to fulfill the 'compelling reasons' standard that a party must meet to rebut the presumption of access to dispositive pleadings"). "The 'compelling reasons'

# ARGUMENT

Under Local Rule 141(f), the Court may "order documents unsealed" "[u]pon the motion of any person." For dispositive motions, a "strong presumption of access to judicial records" applies, and a party seeking sealing must establish "compelling reasons" to overcome that presumption. *Kamakana*, 447 F.3d at 1178–80 (citing *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)). This standard presents a "high threshold," and "[a] 'good cause' showing will not, without more, satisfy" it. *Id*. Defendant has failed to provide a "compelling reason" to seal any material in Mr. Huggins's deposition transcript. The Court should therefore unseal the entire transcript.

## I. NO PART OF MR. HUGGINS'S DEPOSITION TRANSCRIPT SHOULD BE SEALED

Both parties have relied on Mr. Huggins's transcript in their supplemental anti-SLAPP briefing (ECF Nos. 71 and 75). Accordingly, Defendant must offer a "compelling reason" to seal its contents. But Defendant has not substantiated its claim of confidentiality nor made *any* submission in support of the pending request to seal (ECF No. 72). Even in correspondence, Defendant has done nothing more than explain in conclusory fashion that it "must protect [its] confidential information" and has provided no specific explanation why any of the deposition material is confidential. (Theodore Decl., Ex. 1 at 2.)

Therefore, none of the material Defendant claims is Attorneys' Eyes Only should be sealed. Defendant must offer "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records [that] exist[s] when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978)).

Defendant's conclusory "explanation that all of this material is competitively sensitive is boilerplate and does not raise to the level of a compelling reason to seal." *Dekker v. Vivint Solar*, No. 3:19-cv-07918-WHA, 2022 WL 1422565, at *1 (N.D. Cal. May 5, 2022). "[C]onclusory

---

standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id* at 1179.

1  statements regarding the content of the documents sought to be sealed" are insufficient to meet the
2  "compelling reasons" standard. *Dakota Med. v. Rehabcare Grp.*, No. 1:14-cv-02081-DAD-BAM,
3  2016 WL 6493896, at *2 (E.D. Cal. Nov. 2, 2016).
4      The reason Defendant is unable to provide specific support for its sealing requests is that
5  the material is plainly non-confidential. The following pieces of testimony represent just a few
6  portions of Mr. Huggins's deposition transcript that were improperly designated AEO and should
7  be unsealed:

- Mr. Huggins testified that he ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Theodore Decl., Ex. 2, (Tr.) at 148:13-17.) This testimony is plainly not competitively sensitive, and BMC and its investors should be able to be apprised of Defendant's intentions.

- When asked whether Emergy had ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Mr. Huggins said he ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Tr. at 97:2-8. Defendant cannot offer a "compelling reason" to seal a "don't know" answer about the public claim terms of the BMC Patent.

- Defendant designated as AEO a host of other instances in which Mr. Huggins claimed that he could not recall the answers to BMC's questions. Tr. 119:17-18, 161:11-13, 164:1-4, 178:15-22, 189:24-190:18, 194:21-25, 202:9-18, 207:22-208:7, 210:5-14, 210:24-211:2, 242:22-243:10. There is no reason to seal contentless "I don't know" answers.

- Defendant likewise designated as AEO its extensive instructions not to answer BMC's questions based on privilege. *E.g.*, Tr. 180:25-181:3; 182:2-6, 184:1-6, 184:10-14, 184:18-23, 214:14-19. Defendant cannot justify sealing questions that have no answers and therefore have no sensitive information to reveal.

- Mr. Huggins testified that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Tr. 113:24-114:3 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Tr. 146:22-1470:10 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Defendant has not explained how disclosure of this information could bring it harm, much less provided a "compelling reason" for sealing it.

- Mr. Huggins was unable to recall whether ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Tr. 97:17-98:2 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[REDACTED] This non-answer cannot possibly be competitively sensitive or otherwise confidential.

- Mr. Huggins testified that [REDACTED] Tr. 267:16-21. This has been public knowledge since at least 2016—long before Defendant pivoted to food. *See* https://m.economictimes.com/news/science/brewery-wastewater-turned-into-energy-storage-cells/articleshow/54751475.cms (last visited July 28, 2022). Defendant cannot offer a "compelling reason" to seal public information.

- Mr. Huggins's references to publicly available portions of Defendant's complaint plainly cannot be sealed. Tr. 138:8-14 [REDACTED]

- Mr. Huggins testified that Defendant's [REDACTED] Tr. 262:22-263:1. That fact that Defendant, like almost any business, protects its intellectual property is hardly sensitive.

Defendant's unsupported demand that the remainder of the transcript remain sealed is even more obviously improper. "Wholesale sealing can rarely be justified, especially in connection with a dispositive motion." *Neasham & Kramer, LLP v. Neff*, No. 2:19-cv-00565-MCE-KJN, 2021 WL 6500719, at *2 (E.D. Cal. Dec. 13, 2021). Yet, Defendant seeks to seal the entire transcript without any explanation, including:

- The names of the attorneys who attended Mr. Huggins's deposition;

- Mr. Huggins's oath;

- The subject matter of Mr. Huggins's Ph.D. dissertation, Tr. 13:8-10 [REDACTED]

- Mr. Huggins's inability to recall [REDACTED] Tr. 26:11-21, 28:19-21, 31:8-15 [REDACTED]

- Mr. Huggins's concession that [REDACTED] Tr. 62:8-20;

- Mr. Huggins's inability to identify [REDACTED] Tr. at 89:4-16; and

- Mr. Huggins's testimony about Mr. Pattillo's employment arrangement with the Department of Energy, Tr. 280:20-24 [REDACTED]

Because Defendant cannot demonstrate that disclosure of this information could serve as a "vehicle for improper purposes," such as "release [of] trade secrets," or make any submission in support of the pending sealing request the Court should unseal the referenced materials. *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978)).

## II. DEFENDANT HAS BEEN INCONSISTENT IN ITS CONFIDENTIALITY CLAIMS

The impropriety of Defendant's overbroad assertion of confidentiality is compounded by its public disclosure of the very information from the transcript that it insists BMC keep sealed. For instance, the public version of Defendant's supplemental anti-SLAPP reply disclosed many of the very transcript excerpts that it insists BMC keep confidential, including the following:

- ███████████████████████████████████████████████ ECF No. 75 at 3 (citing Tr. 105:12-106:3);
- ███████████████████████████ *id.* at 3 (citing Tr. 105:19-106:19);
- Dr. Huggins ████████████████████████████████ *id.* at 4 (citing Tr. 110:14-23);
- ███████████████████████████████████████████████ *id.* at 4 (quoting Tr. 123:1-5);
- ███████████████████████████████████████████████ *id.* at 4 (quoting Tr. 152:13-160:24); and
- ███████████████████████████████████ *id.* at 4 (citing Tr. 178:8-182:1).

Yet, Defendant insists that the transcript and corresponding material in *BMC's* brief remain sealed. This selective disclosure approach ensures that anyone viewing the record in this case sees a distorted picture and is meaningfully deprived of BMC's briefing.

Separately, Defendant has publicly disclosed much of the material from the transcript that it now claims is confidential. Defendant's complaint publicly states that the "textural structure of [Defendant's] fibrous mycelium filaments resembled the strings of muscle found in animal meat" (No. 2:21-cv-02417-KJM-CKD, ECF No. 1 ¶ 16). Yet, Defendant seeks to seal Mr. Huggins's nearly identical statement that ████████████████████████████████████████████████

■■■■■■■■■■■■■■■■■■■■■■■

■■■■■ Tr. 67:1-4. Defendant likewise seeks to seal Mr. Huggins's descriptions of photos already reproduced in paragraph 69 of the complaint. Tr. 101:9-14.

Finally, Defendant's supplemental anti-SLAPP brief—which was filed publicly with no redactions—discloses supposedly AEO information that Defendant now seeks to keep under seal and out of the hands of BMC personnel and investors – including when it appears in BMC's briefing.

| Public Statement in Supplemental Brief | Huggins Testimony that Defendant Designated AEO |
|---|---|
| "[O]n December 9, 2021, after a Board of Directors meeting, . . . Dr. Huggins, Dr. Whiteley, and three of Emergy's investors discussed the BMC dispute…Emergy confirmed its belief during these discussions that a lawsuit was necessary."<br><br>(ECF No. 67 at 4.) | ■■■■■■■■■■■■■■■■■■<br><br>(Tr. at 160:10-24.) |
| "Around that same time, Emergy became aware through investor communications that BMC was seeking a Series A investment round and that Steve Jurvetson, BMC's self-described 'Lead Investor,' was involved."<br><br>(ECF No. 67 at 4.) | ■■■■■■■■■■■■■■■■■■<br><br>(Tr. 124:4-8.) |
| "So on December 14, 2021, Drs. Huggins and Whiteley, four of Emergy's investors, and Counsel for Emergy held a meeting, after which Emergy *authorized* filing a complaint against BMC and Mr. Pattillo."<br><br>(ECF No. 67 at 4.) | ■■■■■■■■■■■■■■■■■■<br>(Tr. 181:23-25.)<br>■■■■■■■■■■■■■■■■■■ |

| | |
|---|---|
| "Just days later (on December 14), Emergy's co-founders held a conference call with an even broader group (i.e., the co-founders, certain board members, certain investors, and Emergy's outside counsel), after which Emergy *authorized* filing a complaint against both BMC and Mr. Pattillo." |  |
| (ECF No. 67 at 5.) | (Tr. 178:8-20.) |

Defendant's selective approach in which it applies different rules to itself and to BMC confirms that its confidentiality designations are not based on genuine concerns about competitively sensitive information but to maximize the disruption this litigation is causing to BMC's business.

### III. DEFENDANT'S IMPROPER CONFIDENTIALITY CLAIMS FURTHER ITS GOAL OF DISRUPTING BMC'S FUNDRAISING

Given Defendant's sweeping confidentiality claims, BMC is unable to provide key information about this case to its personnel managing this litigation or to provide meaningful information to current and potential investors who are attempting to evaluate the course of the litigation and make decisions. This unfairly and unjustifiably magnifies the effect of Defendant's baseless claims of trade secret misappropriation: to prevent BMC from raising further money so that it can compete in the market for meat replacements.

There is no reason that BMC should not be able to provide updated and intelligent information to its management, investors, and prospective investors about aspects of this litigation that are not confidential and that pose no risk of disclosing any actual trade secret information that Defendant may have. For instance, BMC's management should be able to see the complete briefing on Defendant's anti-SLAPP motion, significant portions of which Defendant continues to insist are AEO. Similarly, investors might be interested to know that, ███████████████████ ███████████████████████████████████████████████ ███████████████████████████████████████████████ Tr. at 89:4-16. Similarly, they might want to know that ██████████████████ ███████████████████████████████████████ Tr. at 88:21-89:16. One can understand why Defendant would want to keep those answers hidden so that it can maximize

disruption to BMC's fundraising and prevent embarrassment that might follow public disclosure of its CEO's inability to answer basic questions. But that is not an acceptable reason for sealing documents, much less a "compelling reason." *Kamakana*, 447 F.3d at 1179 ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.") (citing *Foltz*, 331 F.3d at 1136).

Potential investors are members of the public interested in this litigation who have a right to non-commercially sensitive information that bears on whether Defendant's mis-filed counterclaims have merit – or even satisfy Rule 11. Because Defendant has not offered any concrete basis for claiming that there is a "compelling reason" to keep *any* portion of the Huggins transcript confidential, the Court should unseal it.

## CONCLUSION

For the foregoing reasons, BMC's motion to unseal should be granted.

Dated:  August 10, 2022                                  Respectfully submitted,

BRAUNHAGEY & BORDEN LLP

By:   /s/ *Jeffrey M. Theodore*
          Jeffrey M. Theodore

*Attorneys for Plaintiff*
*The Better Meat Co.*