UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTER MEAT COMPANY, | No. 2:21-cv-02338-KJM-CKD |
| Plaintiff, | |
| v. | ORDER |
| EMERGY, INC., dba MEATI FOODS, et al., | |
| Defendants. | |

Plaintiff Better Meat Company ("Better Meat") filed a motion entitled "Motion to Designate the Deposition Transcript of Tyler Huggins, Ph.D. Not Confidential." (ECF No. 82.) Better Meat and defendant, Emergy, Inc. ("Emergy") appeared for a hearing on this matter via videoconference on September 21, 2022. Counsel Jeffrey M. Theodore and Eric Scott Schlabs appeared for Better Meat. Jeffrey Daniel Smyth and David Mroz appeared for Emergy. Michael Thomas Jones appeared for defendants Bond Capital Management LP and Paul Vronsky.

**I. BACKGROUND**

Better Meat alleges it invented a mycelium or mycoprotein-based meat substitute called Rhiza. (Compl. ¶¶ 16–17, ECF No. 1.) Through this action, Better Meat seeks a declaratory judgment of inventorship and asserts state-law claims for tortious interference and unfair competition under California Business & Professions Code section 17200 et seq. (ECF No. 1.)

1

Previously, the parties came before the undersigned with a discovery dispute that arose during the course of expedited discovery granted in this case. (See ECF No. 70, Notice of Motion; ECF No. 73, Joint Statement.) Pertaining to the prior discovery dispute, Better Meat filed a request to seal documents, including the deposition transcript of Tyler Huggins, Ph.D. ("deposition transcript"). (ECF No. 74.) The undersigned granted this unopposed request.[1] (ECF No. 80.)

Better Meat filed the instant motion on August 10, 2022. (ECF No. 82.) Emergy opposed the motion on August 24, 2022. (ECF No. 88.) Better Meat filed a reply on September 6. (ECF No. 92.)

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure, Rule 26, a party or any person from whom discovery is sought may move for a protective order requiring that a deposition be sealed and opened only on court order. Fed. R. Civ. P. 26(c)(1)(F).

Two standards govern whether documents should be sealed: a "compelling reasons" standard, which generally applies to dispositive motions, and a "good cause" standard, which has traditionally been applied to non-dispositive discovery type motions. Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1178, 1179 (9th Cir. 2006); see also Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677 (9th Cir. 2010). The Ninth Circuit has additionally clarified that application of the proper standard is not determined solely and mechanically by whether the proposed sealed documents accompany a dispositive or non-dispositive motion. Center for Auto Safety v. Chrysler Group, LLC, 809 F.3d 1092, 1098 (9th Cir. 2016). Rather, the focus is on "whether the motion at issue is more than tangentially related to the underlying cause of action." Id. at 1099 (finding a motion for preliminary injunction to be more than tangentially related to the merits of the underlying cause of action).

////

---

[1] The July 28, 2022 order granting the request to seal at ECF No. 74 did not identify the documents being sealed with the specificity required by Local Rule 141(d). For this reason, and for the other reasons set forth herein, the order granting the request to seal at ECF No. 74 will be vacated.

Under the compelling reasons standard, the court starts from the strong presumption in favor of access to public records and then considers whether the party seeking to have the record sealed has demonstrated a compelling reason to have the record sealed. Kamakana, 447 F.3d at 1178-79. Compelling reasons must be supported by specific factual findings, must identify the interests that favor secrecy, and must show that these specific interests overcome the presumption of access. Id. at 1179-81. The court balances the competing interests of the public in accessing the records and the party who seeks to keep the records secret. Id. at 1179. If sealing the records, the court must "base its decision on a compelling reason and articulate the factual basis for its ruling[.]" Id. (quoting Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995)). The fact that the parties have agreed to keep the information confidential is not a compelling reason to seal court records. Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1138 (9th Cir. 2003).

On the other hand, where the request to seal addresses private materials unearthed in discovery attached to non-dispositive motions, an exception exists to the presumption of access and the moving party need only show good cause to seal the documents. Kamakana, 447 F.3d at 1179 (quoting Foltz, 331 F.3d at 1135); Pintos, 605 F.3d at 678. The good cause standard is rooted in the court's powers under Rule 26 of the Federal Rules of Civil Procedure pertaining to discovery and protective orders. See Kamakana, 447 F.3d at 1180 ("Rule 26(c) gives the district court much flexibility in balancing and protecting the interests of private parties."). "[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often 'unrelated, or only tangentially related, to the underlying cause of action.'" Id. at 1179 (quoting Foltz, 331 F.3d at 1135).

**III. DISCUSSION**

    **A. The Current Dispute**

Better Meat's motion is styled as a "Motion to Designate the Deposition Transcript of Tyler Huggins, Ph.D. Not Confidential"; elsewhere, Better Meat describes the motion as a motion to unseal. (ECF No. 82 at 1, 14.)[2] Dr. Huggins is Emergy's CEO. Better Meat argues that Emergy

---

[2] Citations to page numbers in CM/ECF documents refer to the page number at the top of the document assigned by CM/ECF.

has improperly designated portions of the deposition transcript as confidential (see id. at 11-14), and that no part of it should remain sealed (see id. at 8-11).

Emergy responds that the motion is procedurally improper because Better Meat neither opposed sealing[3] in the first instance nor filed objections to the portion of the undersigned's order granting the request to seal. (ECF No. 88 at 9-11.) Emergy also disputes Better Meat's arguments that it has improperly designated the deposition transcript as confidential. (Id. at 18.) Emergy argues it has satisfied the more stringent "compelling reasons" standard to seal sections of the deposition transcript. (Id. at 13.)

**B. Should the Deposition Transcript Attached to ECF No. 73 be Unsealed?**

Local Rule 141(f) provides: "Upon the motion of any person, or upon the Court's own motion, the Court may, upon a finding of good cause or consistent with applicable law, order documents unsealed." Emergy's procedural arguments are unconvincing in light of the clear language of Local Rule 141(f). The undersigned considers whether there is good cause or another basis consistent with applicable law for the deposition transcript attached to ECF No. 73 and sealed by the July 28, 2022 order at ECF No. 74 to be unsealed.

Better Meat argues the deposition transcript should be unsealed because the "compelling reasons" standard governs whether it is sealed when attached to a dispositive motion. (ECF No. 92 at 7-8.) Setting aside any mechanical distinction between dispositive and non-dispositive motions, see Center for Auto Safety, 809 F.3d at 1098, the motion to compel at issue was not more than tangentially related to the merits of the underlying case. (See generally, ECF No. 73, Joint Statement re Discovery Dispute.) See Center for Auto Safety, 809 F.3d at 1099 (the focus is on "whether *the motion at issue* is more than tangentially related to the underlying cause of action." (emphasis added)). The "good cause" standard for sealing applied to the request to seal at ECF No. 74. See, e.g., Kamakana, 447 F.3d at 1180 (noting the "crucial difference between the depositions that will stay sealed and those that will be unsealed—the unsealed depositions were attached to dispositive motions").

---

[3] As noted elsewhere, Better Meat filed the request to seal at ECF No. 74.

4

1    Good cause exists where the party seeking protection shows that specific prejudice or
2    harm will result if the request to seal is denied. Anderson v. Marsh, 312 F.R.D. 584, 594 (E.D.
3    Cal. 2015) ("neither the parties' agreement that documents shall be filed under seal, nor a party
4    designating documents as confidential, is sufficient to meet the good cause standard"); Foltz, 331
5    F.3d at 1138 (a "particularized showing of good cause" with respect to individual documents is
6    needed to hold information obtained in discovery under seal). "Broad allegations of harm,
7    unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."
8    Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir.) (quoting Cipollone v. Liggett
9    Group, Inc., 785 F.2d 1108, 1121 (3rd Cir. 1986)), cert. denied, 506 U.S. 868 (1992).

10   On the court's own motion, the undersigned reconsiders whether any of the documents
11   attached to the joint statement filed on July 13, 2022, including the deposition transcript, should
12   have been sealed. As the filing party, Better Meat sought to seal portions of the joint statement,
13   plus 19 exhibits, one of which was the deposition transcript.[4] (See ECF No. 74.) As to each of the
14   19 exhibits, Better Meat requested sealing of the entire document. (Id.) The sole basis asserted for
15   sealing was that Emergy designated those documents confidential. (See id.) Because the sole
16   basis asserted for sealing was that Emergy designated the documents to be confidential, the
17   request to seal at ECF No. 74 did not make an adequate showing under the standards articulated
18   by the Ninth Circuit and Local Rule 141(b). See, e.g., Anderson, 312 F.R.D. at 594; Local Rule
19   141(b) (a request to seal must address "the statutory or other authority for sealing, the requested
20   duration, the identity, by name or category, of persons to be permitted access to the documents,
21   and all other relevant information.").

22   On the court's own motion, the July 28, 2022 order sealing documents will be vacated, in
23   further part,[5] and the request to seal at ECF No. 74 will be denied without prejudice. Counsel for

---

[4] The undersigned no longer has access to most of these sealed documents because (1) due to the excessive number of pages of exhibits submitted and file size limitations, the documents were submitted to chambers via a sharefile link that is no longer accessible, and (2) Better Meat did not comply with Local Rule 141(e)(2)(i), which requires a party to submit to the Clerk copies of sealed documents so that the Clerk can file the documents under seal.

[5] The July 28, 2022 order also mistakenly resolved ECF No. 69, a request to seal that did not

Better Meat and Emergy shall promptly confer as to whether the request for sealing will be renewed. If any party intends to renew the request, the request shall be made no later than October 7, 2022, and shall address why good cause exists to seal each specific document in its entirety or specific portions of each document. If no party renews the request by October 7, 2022, then after expiration of that time period, Better Meat shall file the unredacted documents on the public docket. A party renewing the request to seal is strongly encouraged to reconsider whether a renewed request should be made as to each attachment originally requested to be sealed in its entirety. See generally, e.g., Gen. Elec. Co. v. Wilkins, No. 1:10-CV-00674 LJO JLT, 2012 WL 1970118, at *1 (E.D. Cal. May 31, 2012) (discussing the impropriety of a request to seal multiple lengthy exhibits to a discovery matter without legal authority provided to justify the information being filed under seal).

### C. Confidentiality of the Deposition Transcript Aside from the Sealing Inquiry

Better Meat argues Emergy has unfairly designated the transcript to remain confidential, restricted from public access, and available to view by only three individuals at Better Meat. (See ECF No. 92 at 13-14.) At the hearing on this matter, Better Meat clarified it does not seek court intervention into the parties' private agreement[6] regarding the confidentiality of the deposition transcript apart from any sealing inquiry.

### IV. CONCLUSION AND ORDER

For the reasons set forth, IT IS HEREBY ORDERED that:

1. Better Meat's "Motion to Designate the Deposition Transcript of Tyler Huggins, Ph.D. Not Confidential" (ECF No. 82), construed as a motion to unseal the deposition transcript attached to the parties' joint statement at ECF No. 73, is DENIED without prejudice.

2. On the court's own motion, the July 28, 2022 order (ECF No. 80) is VACATED in further part to the extent it granted the request to seal at ECF No. 74, and the entire request to seal at ECF No. 74 is DENIED without prejudice. Counsel for Better Meat and Emergy shall promptly

---

correspond to the parties' discovery dispute before the undersigned. The portion of the July 28, 2022 order granting the request to seal at ECF No. 69 has already been vacated. (ECF No. 100.)

[6] There is currently no protective order in place in this action. See Local Rule 141(b)(1).

confer as to whether the request to seal documents attached to the joint statement at ECF No. 73 will be renewed. If any party intends to renew the request, the request shall be made no later than October 7, 2022, and shall address why good cause exists with respect to sealing each specific document or the pertinent portions of each specific document. If no party renews the request by October 7, 2022, then Better Meat shall file the unredacted documents on the public docket.

Dated:  September 23, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.BetterMeat21cv2338.dt