UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTER MEAT COMPANY, | No. 2:21-cv-02338-KJM-CKD |
| Plaintiff, | |
| v. | ORDER |
| EMERGY, INC., dba MEATI FOODS, et al., | |
| Defendants. | |

Defendant, Emergy, Inc. ("Emergy"), filed a renewed request to seal documents attached to filings pertaining to a discovery dispute. (ECF No. 106.) The renewed request seeks to seal: (1) portions of the Joint Statement re Discovery Disagreement (ECF No. 73, stricken)[1] and (2) portions of Exhibit 1, and the entirety of Exhibits 2, 5, 7-9, 16-17, and 25 to the Joint Statement re Discovery Disagreement (collectively, the "Claimed Confidential Materials").

For the reasons that follow, the undersigned will deny the request to seal and order plaintiff, Better Meat Company ("Better Meat"), to file unredacted versions of the documents at issue. Better Meat shall also file unredacted versions of its briefing and exhibits at ECF No. 82

---

[1] The joint statement, filed by Better Meat, was stricken on October 4, 2023, for failure to comply with Local Rule 140(b), which instructs that "[n]o... redactions are permitted unless the court has authorized the redaction," with only a few limited exceptions for "data identifiers" and "when federal law requires redaction," L.R. 140(a). (ECF No. 105.)

1

and ECF No. 92, which pertained to a subsequent discovery matter before the undersigned. Better Meat had previously requested to seal these documents based on Emergy's claim of confidentiality. (See ECF No. 83, stricken; ECF No. 93, stricken.) However, these requests to seal were stricken for failure to comply with the local rules and have not been re-filed by either party. (See ECF No. 105, instructing "[t]he parties may refile the Motions in accordance with the Local Rules.")

## I. BACKGROUND

Better Meat alleges it invented a mycelium or mycoprotein-based meat substitute called Rhiza. (Compl. ¶¶ 16–17, ECF No. 1.) Through this action, Better Meat seeks a declaratory judgment of inventorship, and asserts state-law claims for tortious interference and unfair competition under California Business & Professions Code § 17200 et seq. (ECF No. 1.) Emergy has filed a counterclaim. (ECF No. 113.)

The parties previously came before the undersigned with a discovery dispute that arose during the course of expedited discovery. (See ECF No. 70, Notice of Motion; ECF No. 73, Joint Statement, stricken.) Pertaining to the initial discovery dispute, Better Meat filed a request to seal documents, including the deposition transcript of Tyler Huggins, Ph.D. ("deposition transcript"). (ECF No. 74.) The undersigned initially granted the unopposed request, but later vacated the order granting that request. (See ECF Nos. 80, 102.)

On October 7, 2022, Emergy filed the notice of renewed request to seal documents presently before the undersigned. (ECF No. 106.) Better Meat opposed the request on October 11, 2022. (ECF No. 107.)

## II. LEGAL STANDARDS

Two standards govern whether documents should be sealed: a "compelling reasons" standard, which generally applies to dispositive motions, and a "good cause" standard, which has traditionally been applied to non-dispositive discovery type motions. Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1178, 1179 (9th Cir. 2006); see also Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677 (9th Cir. 2010). The Ninth Circuit has additionally clarified that application of the proper standard is not determined solely and mechanically by whether the proposed sealed

2

documents accompany a dispositive or non-dispositive motion. Center for Auto Safety v. Chrysler Group, LLC, 809 F.3d 1092, 1098 (9th Cir. 2016). Rather, the focus is on "whether the motion at issue is more than tangentially related to the underlying cause of action." Id. at 1099 (finding a motion for preliminary injunction to be more than tangentially related to the merits of the underlying cause of action).

Under the compelling reasons standard, the court starts from the strong presumption in favor of access to public records and then considers whether the party seeking to have the record sealed has demonstrated a compelling reason to have the record sealed. Kamakana, 447 F.3d at 1178-79. Compelling reasons must be supported by specific factual findings, must identify the interests that favor secrecy, and must show that these specific interests overcome the presumption of access. Id. at 1179-81. The court balances the competing interests of the public in accessing the records and the party who seeks to keep the records secret. Id. at 1179. If sealing the records, the court must "base its decision on a compelling reason and articulate the factual basis for its ruling[.]" Id. (quoting Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995)). The fact that the parties have agreed to keep the information confidential is not a compelling reason to seal court records. Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1138 (9th Cir. 2003).

On the other hand, where the request to seal addresses private materials unearthed in discovery attached to non-dispositive motions, an exception exists to the presumption of access and the moving party need only show good cause to seal the documents. Kamakana, 447 F.3d at 1179 (quoting Foltz, 331 F.3d at 1135); Pintos, 605 F.3d at 678. The good cause standard is rooted in the court's powers under Rule 26 of the Federal Rules of Civil Procedure pertaining to discovery and protective orders. See Kamakana, 447 F.3d at 1180 ("Rule 26(c) gives the district court much flexibility in balancing and protecting the interests of private parties."). "[T]he public has less of a need for access to court records attached only to non-dispositive motions because those documents are often 'unrelated, or only tangentially related, to the underlying cause of action.'" Id. at 1179 (quoting Foltz, 331 F.3d at 1135).

////

////


**III. DISCUSSION**

Good cause to seal documents exists where the party seeking protection shows that specific prejudice or harm will result if the request to seal is denied. Anderson v. Marsh, 312 F.R.D. 584, 594 (E.D. Cal. 2015) ("neither the parties' agreement that documents shall be filed under seal, nor a party designating documents as confidential, is sufficient to meet the good cause standard"). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir.) (quoting Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3rd Cir. 1986)), cert. denied, 506 U.S. 868 (1992). In addition, pursuant to Local Rule 141(b), a request to seal should address "the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information.").

Here, Emergy requests the court to allow the Claimed Confidential Materials to be sealed "because they disclose research, development, and technical information about Emergy's innovations; information relating to Emergy's investors and corporate structure; and information relating to Emergy's strategy and decision making, including the CEO's decision-making process." (ECF No. 106 at 2.)

In response, Better Meat argues Emergy has failed to supply any evidence to support its claims of confidentiality as required by governing law. (ECF No. 107 at 3.) Better Meat also argues Emergy failed to comply with this court's order that a party renewing the request to seal should address why good cause exists with respect to sealing each specific document or the pertinent portions of each specific document. (Id.)

Emergy's renewed request to seal fails to identify the statutory or other authority for sealing as required by Local Rule 141(b). Emergy also has not provided a specific statement of good cause to seal "each specific document or the pertinent portions of each specific document" even though the undersigned ordered that a renewed request should do so. (See ECF No. 102 at 6.) See also, generally, e.g., Gen. Elec. Co. v. Wilkins, No. 1:10-CV-00674 LJO JLT, 2012 WL 1970118, at *1 (E.D. Cal. May 31, 2012) (discussing the impropriety of a request to seal multiple

lengthy exhibits to a discovery matter without legal authority provided to justify the information being filed under seal).

To the extent Emergy appears to assert that all of the Claimed Confidential Materials disclose substantive confidential business information, such as "research, development, and technical information about Emergy's innovations; information relating to Emergy's investors and corporate structure; and information relating to Emergy's strategy and decision making, including the CEO's decision-making process[,]" the undersigned does not find that to be the case. To the contrary, much of the Claimed Confidential Materials do not contain substantive business information. Other business information contained therein already exists in the public domain, as demonstrated by Better Meat. (See ECF No. 107 at 9.)

Emergy has left it up to the court to comb through the Claimed Confidential Materials, item by item, and page by page, to decide without benefit of any legal authority or analysis whether there is any information truly deserving of being shielded from the public view. The undersigned declines to undertake and document such a review without any assistance by the moving party's counsel. See, e.g., MD Helicopters, Inc. v. Aerometals, Inc., No. 2:16-CV-2249 TLN AC, 2017 WL 2082555, at *9 (E.D. Cal. May 15, 2017) (denying request to seal where the party "identified no rule, statute, case or other authority requiring that the document it filed must be sealed or redacted"); Gen. Elec. Co. v. Wilkins, 2012 WL 1970118, at *1 (finding, under similar circumstances, "any arguments that could have been raised to justify sealing the information have been waived").

There were, additionally, two other requests to seal previously made by Better Meat which were before the undersigned. (ECF Nos. 83, 93.) These requests to seal were stricken by the October 4, 2022, minute order. (ECF No. 105). Neither party has re-filed either of these requests to seal. (See ECF No. 105, "The parties may refile the Motions in accordance with the Local Rules.") Accordingly, Better Meat shall file unredacted versions of the documents that were at issue in those requests.

////

////

## IV. CONCLUSION AND ORDER

For the reasons set forth, IT IS HEREBY ORDERED that:

1. Emergy's renewed request to seal (ECF No. 106) is DENIED.

2. Better Meat shall file unredacted versions of the Joint Statement re Discovery Disagreement (ECF No. 73, stricken) and its exhibits within 14 days.

3. No party having re-filed the requests to seal at ECF No. 83 and ECF No. 93, Better Meat shall also file unredacted versions of the discovery briefing and exhibits at ECF No. 82 and ECF No. 92 within 14 days.

Dated:  January 9, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.BetterMeat21cv2338.seal.den