UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BETTER MEAT CO., | Case No. 2:21-cv-02338-KJM-CKD |
| Plaintiff, | ORDER |
| v. | |
| EMERGY, Inc. d/b/a MEATI FOODS, PAUL VRONSKY, AND BOND CAPITAL MANAGEMENT LP, | |
| Defendants. | |

Defendant Emergy asks the court to seal various documents related to its anti-SLAPP motion. As explained below, Emergy does not present its request clearly or otherwise meet the high standard necessary for this court to grant sealing, and as such, the court **denies the motion, with leave to amend if possible.**

I.     **BACKGROUND**

This motion stems from plaintiff Better Meat's case against defendants Emergy, Paul Vronsky and Bond Capital. This court has summarized the history behind this action in a previous order and incorporates that summary by reference here. *See* Prior Order (May 25, 2022), ECF No. 66.

In response to Better Meat's lawsuit, Emergy filed an anti-SLAPP motion seeking to strike Better Meat's state-law claims, arguing Emergy's communications are protected by California's litigation privilege as a matter of law. *See* Mot. Strike, ECF No. 31. Better Meat requested discovery to oppose Emergy's anti-SLAPP motion, *see generally* Anti-SLAPP Disc. Appl., ECF No. 47, which this court granted in a limited capacity, Prior Order. The assigned magistrate judge oversaw the discovery and denied Better Meat's motion to compel further depositions and documents from Emergy. ECF No. 80.

Both Emergy and Better Meat filed documents with this court relating to the anti-SLAPP motion and discovery motion practice, which this court struck as defective because they contained unauthorized redactions and "sharefile links." *See* Order to Strike, ECF No. 105. Emergy then filed a notice of request to seal, Notice Req. to Seal, ECF No. 110, and submitted its consolidated request to seal 13 documents in camera, which Emergy lists in a table of confidential materials.[1] These documents are listed here:

- Highlighted portions of Better Meat's supplemental brief in opposition to Emergy's motion to strike, Doc. 71[2];

- Highlighted portions of the declaration in support of Better Meat's supplemental brief in opposition to Emergy's motion to strike, Doc. 71-1;

- Highlighted portions of the deposition transcript of Emergy CEO Dr. Tyler Huggins, Doc. 71-2, Ex. 1 (Huggins Dep.);

- Emergy's first supplemental objections and responses to Better Meat's interrogatories, set one, in full, Doc. 71-3, Ex. 2;

- Board minutes and Emergy employee internal communications in full, Doc. 71-5, Ex. 4; Doc. 71-7, Ex. 6; Doc. 71-8, Ex. 7; Doc. 71-9, Ex. 8; Doc. 71-10, Ex. 9;

- Emergy's first supplemental privilege log for anti-SLAPP discovery in full, Doc. 71-11, Ex. 10;

---

[1] Emergy's renewed request to seal and the corresponding materials are not publicly available on the court's docket, but it has sent the documents to the court for review as provided by Local Rule 141(b).

[2] The document numbers listed here are the identifying numbers Emergy uses in its pending request. These numbers correspond to the original ECF numbers associated with the documents appearing on the court's docket before the court struck the filings as defective. *See* Order to Strike.

- Highlighted portions of Emergy's supplemental reply in support of its motion to strike, Doc. 75;
- Emergy's second supplemental objections and responses to Better Meat's interrogatories, set one, in full, Doc. 75-2, Ex. 53;
- Highlighted portions of Better Meat's objections to order denying Better Meat's motion to compel, Doc. 84.

Req. to Seal Mot. (Mot.). Better Meat did not file an opposition.

## II. LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978) (footnotes omitted). Although that right is not absolute, "'a strong presumption in favor of access' is the starting point." *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Courts grant requests to seal records in civil cases in only limited circumstances, such as to protect against "'gratif[ication of] private spite or promot[ion of] public scandal'" or to preclude court dockets from being "reservoirs of libelous statements" or "sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598 (citation omitted).

The Ninth Circuit has distinguished the public's interest in accessing court records filed in connection with nondispositive and dispositive motions. *See Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir.2002); *Kamakana*, 447 F.3d at 1172. To seal documents filed in connection with a dispositive motion, such as motions to strike under California's anti-SLAPP statute, parties must show there are "compelling reasons" for doing so. *Kamakana*, 447 F.3d at 1180, 1182 ("[T]he proponent of sealing bears the burden with respect to sealing."); *Liberal v. Estrada*, 632 F.3d 1064, 1087 (9th Cir. 2011) (Tashima, concurring) (anti-SLAPP motions to strike are dispositive). To demonstrate compelling reasons, a party is "required to present 'articulable facts' identifying the interests favoring continued secrecy and to show that these specific interests overc[o]me the presumption of access by outweighing the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1181 (internal citations, quotation

marks, and emphasis omitted).  "When sealing documents attached to a dispositive pleading, a district court must 'base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id.* at 1182 (internal emphasis omitted) (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).  "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 589).  "The 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal or protective order." *Id.*

The Eastern District of California has adopted rules to clarify procedures for parties' compliance with the law reviewed above.  Local Rule 141 provides documents may be sealed only by written order of the court after a particularized request to seal has been made.  E.D. Cal. L.R. 141(a).  A mere request to seal is not enough to effect sealing under the local rules.  Local Rule 141(b) expressly requires "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all relevant information."  Redaction may be sufficient to protect "proprietary or trade secret information" with court approval.  E.D. Cal. L.R. 140(b). The court's own Standing Order emphasizes the requirement that parties comply with the law and the rules in making any sealing request, which they should do rarely if at all.

**III.   ANALYSIS**

As noted, Emergy asks the court to seal, in whole or in part, 13 documents related to Emergy's anti-SLAPP motion against Better Meat.  Notice Req. to Seal at 2–3.  Because this is a dispositive motion, the court applies the compelling reasons standard in making its determination. *Kamakana*, 447 F.3d at 1180, 1182.  Emergy argues it has met the "compelling reasons" standard for sealing because each of the documents it wishes to seal  falls into the following three categories: (1) "research, development, and technical information about Emergy's innovations"; (2) "information relating to Emergy's investors and corporate structure"; and (3) "information

1  relating to Emergy's strategy and decision making" processes. Mot. at 4. However, Emergy has
2  not articulated which documents fall into each category. Broadly, Emergy argues public filing of
3  these documents would cause Emergy competitive harm. *See generally id.* As described below,
4  Emergy does not meet the high standard necessary to seal any of these documents or portions
5  thereof because it does not identify the correct portions of the documents to be sealed and
6  provides only generalized reasons for sealing each document.

7     **A. Research, Development, and Technical Information**

8     Emergy asks the court to seal disclosures "describing the research that led to Emergy's
9  discoveries," "innovative processes," and specific ingredients used in its products. *Id.* at 5.
10 Emergy claims public disclosure of this information would allow competitors to "develop their
11 own products and processes without having to expend time and resources," thereby hurting
12 Emergy's competitive standing. *Id.*

13    A trial court may seal "a trade secret or other confidential research, development, or
14 commercial information." Fed. R. Civ. P. 26(c)(1)(G). Other courts within the Ninth Circuit
15 have sealed truly confidential "product development plans," which if published could be used by
16 "competitors seeking to replicate" products "and circumvent the time and resources necessary in
17 developing their own practices and strategies." *Algarin v. Maybelline, LLC*, No. 12-3000, 2014
18 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014).

19    While Emergy's request to seal research information might ultimately be reasonable,
20 Emergy has not provided the court sufficiently clear information to grant its request. In its
21 general table of confidential materials, Emergy specifies it wishes to seal the "highlighted
22 portions" of Dr. Huggins' 370-page deposition transcript but does not appear to consistently
23 identify which are the highlighted portions. Mot. at 2. Emergy itself clarifies its sealing request
24 generally is tied to the highlighted sections of documents, and so the court focuses on these
25 sections only, including in the Huggins deposition transcript, in considering Emergy's request.
26 *Id.* at 2 n.3. But the court notes that in pointing to the competitive harm it would suffer if its
27 research information were disclosed, Emergy identifies 36 deposition pincites it says relate to
28 information on research and processes. *Id.* at 5. However, none of the 36 pincites is highlighted

in the transcript Emergy has provided and thus are not covered by the request to seal as Emergy frames it.³  *See generally* Huggins Dep.  Because Emergy does not specify with clarity the portions of documents it says contain confidential research, the court **denies this request, with leave to amend if possible**.  *See* E.D. Cal. L.R. 141(b).

### B.      Investor and Corporate Structure Information

Emergy asks the court to seal "[m]aterials related to [i]nvestors and [c]orporate [s]tructure."  Mot. at 6.  Emergy states disclosure of this information, including minutes from confidential meetings of the Board of Directors, could "harm Emergy's ability to negotiate with future, potential members of its board" and would hurt investor relationships, present and future. Mot. at 6–7.

This request is deficient in two ways.  First, here again, Emergy is not consistent in identifying the confidential information for which it seeks sealing.  Emergy identifies 28 deposition pincites it claims contain confidential investor information.  Mot. at 6–7.  However, only 7 of the 28 pincites are highlighted on the corresponding deposition transcript.  *See generally* Huggins Dep.  Emergy does not explain why the highlighted information covered by its sealing request rises to the level of qualifying for sealing.  Mot. at 6–7.  For example, in support of its request, Emergy identifies highlighted pincite 114:3–11 in Dr. Huggins' deposition, where Dr. Huggins discloses the name of an investor who provided him information on Better Meat's financing.  In contrast, Emergy also identifies pincite 116:7–9 in Dr. Huggins' deposition, which is not highlighted in the transcript provided;  in the latter passage, Dr. Huggins discloses the name of another investor who he says also gave Emergy information on Better Meat.  Mot. at 6; Huggins Dep.  Emergy does not provide meaningful detail explaining how disclosure of the information in the first passage would harm Emergy's business and investor relationships but disclosure of the second passage would not.  On this record, Emergy has not shown compelling reasons for the court to seal any investor or corporate material contained in the deposition transcripts.

---

³ Throughout this order, the court uses the same pagination scheme as does Emergy, referring to deposition transcript pincites by the page numbers of the deposition transcript itself.

1    Second, Emergy relies merely on "hypothesis or conjecture" in its arguments for sealing
2 other investor and corporate information. *See Kamakana*, 447 F.3d at 1182. For instance,
3 Emergy asks the court to seal Exhibits 2, 4 and 53 because they "contain confidential information
4 about Emergy's Board of Directors and minutes from a confidential meeting" and "if made
5 public, this information could harm Emergy's ability to negotiate with future, potential members
6 of its board." Mot. at 6. Emergy does not follow this conclusory statement with any specific
7 details explaining why it would be hurt by disclosure of this information. *See Stemmelin v.*
8 *Matterport, Inc.*, No. 20-04168, 2022 WL 1422567, at *1 (N.D. Cal. May 5, 2022) (denying
9 motion to seal board minutes because movant "failed to explain how [] general statements would
10 harm its competitive standing" and did not "clarify how disclosure" could harm the company).
11 Conclusory and boilerplate statements alone cannot meet the compelling standard necessary to
12 overcome the public's interest in disclosure and justify sealing these documents.

    **C.    Strategy and Decision Making Information**

14    Emergy requests to seal materials related to "[i]nternal [c]ommunications, [s]trategy, and
15 [d]ecision making." Mot. at 7. As above, Emergy is inconsistent in identifying with specificity
16 the information in this category it wishes to seal and has not provided compelling reasons to seal
17 anything in any event.

18    For example, Emergy identifies 50 deposition pincites, which it claims contain
19 confidential decision-making information, but at least 40 of these cites are not highlighted in the
20 deposition transcript, and so the court understands it is only the remaining 10 excerpts covered by
21 this motion. Mot. at 8; *see generally* Huggins Dep. Emergy's inconsistencies in identifying
22 information it says qualifies for sealing undermines its request.

23    Additionally, Emergy has not provided compelling reasons to seal other information on
24 decision and strategy. Courts in this circuit have granted requests to seal limited amounts of
25 business information when movants specifically explain how disclosure of that information would
26 hurt the movant. Documents can qualify for sealing if they contain "highly sensitive and
27 confidential information" including information "regarding sensitive financial figures . . . which,
28 when combined with other available information can be used to extrapolate information about . . .

7

capabilities and operation of [a party's] systems" or "provide[] a misleading picture of [the party's] capabilities, which could damage [its] reputation." *See AdTrader, Inc. v. Google LLC*, No. 1707082, 2020 WL 6387381, at *2 (N.D. Cal. Feb. 24, 2020).

Here, Emergy cites to highlighted portions of documents 71, 71-1, 75 and 84, explaining this information contains "confidential business communications and decisions," including "who was present at [] meetings" and "what individual members thought about certain decisions" in addition to "company strategy and marketing strategy." Mot. at 8. However, Emergy does not explain why public disclosure of this material would hurt its business except to say very generally that disclosure would give "competitors insight into how decisions are made within Emergy" and other "competitors would stand to benefit" from information on investors and board meetings. *Id.* at 8–9.

While Emergy might "be a big target in this field," the court cannot seal documents based solely on the possibility competitors might gain an advantage, without Emergy's providing information regarding how competitors could use each piece of information to harm Emergy. *Id.* at 9. Because Emergy does not provide sufficient detail to support this request, the court denies its motion in this respect, without prejudice to renewal if possible.

As detailed above, Emergy's inconsistency in identifying sealing requests and lack of specificity in describing compelling reasons preclude the court's granting its sealing request. It is not the court's job to laboriously examine lengthy documents and pinpoint appropriate sections for sealing. Nor is it the court's job to connect the dots and provide compelling reasons to support insufficiently briefed requests to seal. *See Mimms v. CVS Pharmacy, Inc.*, No. 15-970, 2016 WL 11547243, at *3 (S.D. Ind. July 14, 2016) ("[I]t is not the Court's job to parse line-by-line a transcript of that length to determine what is and what is not subject to seal."). Emergy itself must make clear, if it wishes, precisely which materials satisfy the compelling standard needed to seal, and why.

The court **denies without prejudice** Emergy's motion to seal.

## IV.  CONCLUSION

The court **denies** Emergy's request to seal.  If Emergy continues to seek sealing or redaction, it must do so again within fourteen days of the filed date of this order.  Any further requests to seal must include (1) clear identification of the name of the documents covered by the request to seal; (2) the specific portion(s) of any document sought to be filed under seal, preferably identified by pincites and highlighting both for maximum clarity; and (3) specific reasons for seeking sealing of the material, along with citations to the relevant declarations and supporting legal authority.  As explained in this order, the reasons provided must be specific and tailored to each portion(s) of the document sought to be sealed.  Emergy also should address whether redaction is sufficient, and if so explain what portions it believes should be redacted and why.

If Emergy chooses not to renew its request to seal and wishes to rely on the documents covered by its sealing request, those documents must be filed on the public docket.

This order resolves ECF No. 110.

IT IS SO ORDERED.

DATED:  January 18, 2023.

CHIEF UNITED STATES DISTRICT JUDGE