UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BETTER MEAT CO., | No. 2:21-cv-02338-KJM-CKD |
| Plaintiff, | ORDER |
| v. | |
| EMERGY, Inc. d/b/a MEATI FOODS, PAUL VRONSKY, and BOND CAPITAL MANAGEMENT LP., | |
| Defendants. | |

For the reasons below, the court **overrules Better Meat's objections to the magistrate judge's order denying Better Meat's motion to compel. The court affirms the magistrate judge's order at ECF No. 80.**

I.     **BACKGROUND**

This motion stems from an ongoing action by plaintiff Better Meat Co. against defendants Emergy, Inc., Paul Vronsky and Bond Capital Management. This court has summarized the history behind this action in a previous order and incorporates that summary by reference here. *See* Prior Order (May 25, 2022), ECF No. 66. In response to Better Meat's lawsuit, Emergy filed an anti-SLAPP motion seeking to strike Better Meat's state-law claims, arguing Emergy's communications are protected by California's litigation privilege as a matter of law. *See* Mot. Strike, ECF No. 31. Better Meat requested discovery to oppose Emergy's anti-SLAPP motion,

1

*see generally* Anti-SLAPP Disc. Appl., ECF No. 47, which this court granted in a limited capacity "narrowly focused on the question whether Emergy had a good-faith intent of filing a lawsuit at the time of the contested communications," Prior Order (May 25, 2022) at 7. As provided by local rule, the assigned magistrate judge has overseen discovery, including Better Meat's motion to compel further depositions and documents from Emergy. Mot. to Compel, ECF No. 70. Specifically, Better Meat sought an order:

> (1) compelling Emergy to produce documents responsive to Better Meat's Requests for Production, Set One, including privileged communications; (2) compelling Defendants Bond and Vronsky to produce documents responsive to Better Meat's Requests for Production, Set One; (3) compelling defendants to produce Vronsky, Justin Whiteley, Noah Knauf, Joshua Posamentier, Nancy Xiao, Lucas Mann, and Christina Ra for depositions regarding the matters at issue in Emergy's anti-SLAPP motion; and (4) compelling Emergy to produce Tyler Huggins for a renewed deposition where he is required to answer questions as to which he was instructed not to answer or otherwise refused to answer at his July 1, 2022 deposition.

*See* MJ Order (July 28, 2022) at 4–5, ECF No. 80. The magistrate judge denied Better Meat's request in its entirety. *See generally id.* Better Meat filed objections to her order, ECF No. 84, which this court struck as defective because they contained unauthorized redactions and "sharefile links," *see* Order to Strike, ECF No. 105. The parties have now refiled Better Meat's objections, Obj., ECF No. 126-21, which are before the court.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) requires district judges consider timely objections to nondispositive pretrial orders issued by magistrate judges and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* E.D. Cal. L.R. 303(f); 28 U.S.C. § 636(b)(1)(A). The "contrary to law" standard permits independent review of purely legal determinations by a magistrate judge. *See, e.g., Brooks v. Motsenbocker Advanced Developments, Inc.*, No. 07-0773, 2008 WL 3049983, at *1 (S.D. Cal. Aug. 1, 2008). The "clearly erroneous" standard applies to the magistrate judge's factual determinations and discretionary decisions. *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir. 1990) (citing *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 828 (9th Cir.1986)). "A finding is 'clearly

erroneous' when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe and Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 622 (1993) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)) (alteration in original). "[R]eview under the 'clearly erroneous' standard is significantly deferential . . . ." *Id.* at 623.

### III. ANALYSIS

Better Meat objects to the magistrate judge's denial of its motion to compel discovery in three categories: (1) documents covered by attorney-client privilege, (2) depositions from Paul Vronsky, Justin Whiteley, Noah Knauf, Joshua Posamentier, Nancy Xiao, Lucas Mann and Christina Ra and (3) responsive documents otherwise withheld from Better Meat. *See generally* Obj. This court will discuss each category in turn.

#### A. Production of Attorney-Client Privileged Information

The magistrate judge denied Better Meat's motion to compel attorney-client protected communications, including the "contents of [Emergy's]privilege log" regarding "December 2021 communications and decision-making." MJ Order at 6. The magistrate judge found the privileged communications were not "put at issue" by Emergy's anti-SLAPP motion and so the attorney privilege is still intact. *Id.* at 5. Better Meat objects and argues the magistrate judge misapplied the law in finding Emergy did not waive its privilege. Obj. at 10-15.

First, the magistrate judge found Emergy's references to "the privilege log w[were] used to demonstrate the timing of when Emergy developed its good faith intent to file suit against Better Meat, which d[id] not implicate the substance of any attorney-client communications." MJ Order at 5. The magistrate judge's classification of Emergy's use of the privilege log is not a "purely legal determination," *see, e.g., Brooks*, 2008 WL 3049983, at *1, but rather a reasonable determination made after examination of the relevant facts and briefings, *Concrete Pipe and Prods.*, 508 U.S. at 622.

Second, Better Meat contends the magistrate judge misapplied the law in finding Emergy did not waive attorney privilege because it did not testify to the contents of any privileged communications or rely on advice of counsel. Obj. at 13. Instead, Better Meat insists attorney

3

privilege is waived not only when a party "reproduce[s] the actual content of its communications," which Better Meat agrees Emergy did not do here, but also when "litigants [] rely instead on one sided, selective, and self-serving descriptions" of their privileged communications. *Id.* Thus, Better Meat argues Emergy's descriptions of attorney communications, such as its description of the content of the December 14, 2021 phone call during which Emergy "authorized filing a complaint against" Better Meat, *id.* at 12, directly put "at issue" conversations with its attorneys and were used "to obtain a substantive inference," *id.* at 14. In support of this argument, Better Meat cites to multiple cases, including *United States v. Bilzerian,* 926 F.2d 1285 (2d Cir. 1991). In *Bilzerian*, the court found a defendant criminally charged with securities violations waived his attorney privilege. Specifically, the court found the defendant put "his knowledge of the law and the basis for his understanding of what the law required in issue" when he testified he believed his actions were legal; he argued he did not have the requisite intent because he discussed the matter with his attorney. *Id.* at 1292. But *Bilzerian* is not analogous to the case at hand. As the magistrate judge reasonably concluded, "Emergy's assertion of a good faith intent to sue does not rely on advice of counsel or the specific content of claimed communications with counsel," regardless of Emergy's description. MJ Order at 7.

Better Meat also cites to *Lenz v. Universal Music Corp.* in arguing Emergy put its motivations for filing suit at issue when it referenced privileged material, thus waiving the privilege. No. 07-03783, 2010 WL 4789099 (N.D. Cal. Nov. 17, 2010); Obj, at 15. In *Lenz*, a plaintiff communicated with multiple third parties regarding her discussions with attorneys and her motives for bringing the action. *Id.* at *2. However, *Lenz* is distinguishable because Emergy did not discuss its attorney communications with any third party, nor did it disclose to third parties its attorney client communications when sharing its motives for filing suit. Rather, the magistrate judge reached the reasonable conclusion Emergy relied on its production logs to establish the timeline relevant to its intention to file. MJ Order. at 6. The magistrate judge also correctly stated and applied the law in finding Emergy did not take the "affirmative step in the litigation to place the advice of the attorney in issue" so as to waive privilege regarding those communications. *Planet Aid, Inc. v. Reveal, Ctr. for Investigative Reporting*, No. 17-03695, 2018 WL 6079617, at *2 (N.D.

1 Cal. Nov. 21, 2018); MJ Order at 7. Because the magistrate judge's order was not clearly erroneous, 2 **this court overrules Better Meat's objections and affirms the magistrate judge's order**.

### B. Additional Depositions

Better Meat asks this court to compel depositions of Paul Vronsky, Justin Whiteley, Noah Knauf, Joshua Posamentier, Nancy Xiao, Lucas Mann and Christina Ra. This court's initial discovery order allowed only a single deposition of Emergy CEO Dr. Tyler Huggins. Prior Order (May 25, 2022) at 7. Better Meat agrees the magistrate judge did not have the authority to expand this court's discovery order, but now asks this court to do so by granting additional depositions, notices for which Better Meat already has formally served. Obj. at 16. Better Meat claims these depositions are necessary because Dr. Huggins was unable to answer questions regarding documents on which Emergy relies, so Better Meat needs additional depositions "to fill these gaps and obtain meaningful examination" of the issues. Obj. at 16. For example, Better Meat argues Dr. Huggins did not or could not share information on "the reason and purpose for Paul Vronsky's email to Steve Jurvetson" regarding Emergy's impending suit against Better Meat; nor did he recollect information reflected in text messages from December 2021. *Id.* at 16–17. Filling these kinds of gaps, Better Meat claims, is essential to Better Meat's argument opposing Emergy's Anti-SLAPP motion, so Better Meat is entitled to further depositions under Federal Rule of Civil Procedure Rule 56. *Id.*; *Qualls By & Through Qualls v. Blue Cross of California, Inc.*, 22 F.3d 839, 844 (9th Cir. 1994) ("We will only find that the district court abused its discretion if . . . the movant can show how allowing *additional* discovery would have precluded summary judgment.") (emphasis in original).

Despite Better Meat's representations, it has not shown such a broad expansion of discovery is necessary, nor has it shown additional depositions would necessarily preclude the anti-SLAPP motion. Depositions are not a fail-safe method for a party to obtain any and all information it wishes to learn. Individuals commonly forget or do not provide satisfactory answers during questioning. Unsatisfactory depositions alone are not reason enough for this court to further delay the litigation in this case, which has been on hold for close to a year. While the court does not dispute the potential relevance of the proposed depositions, this relevance also

existed ten months ago when the court first rejected Better Meat's request to engage in "full discovery." Prior Order (May 25, 2022) at 7; *see also* May 6, 2022 Hr'g Mins., ECF No. 65. While Better Meat argues it would be "deprived of essential evidence on a narrow interpretation of a procedural requirement," if it is unable to depose these individuals, it does not explain how compelling each individual would further the narrow purpose of discovery. Obj. at 17. Rather, Better Meat's broad request to depose seven individuals appears akin to a fishing expedition to lure out potentially helpful information. Given the record here, granting Better Meat's request to compel additional depositions would lead to an abuse of discovery. *See Roberts v. Clark County. Sch. Dist.*, 312 F.R.D. 594, 602 (D. Nev. 2016) (holding trial courts have "broad discretion to limit and tailor discovery to avoid abuse and overuse"). Thus, the magistrate judge's denial of Better Meat's motion to compel was not clearly erroneous. The court **affirms the magistrate judge's order and denies Better Meat's request to compel additional depositions**.

        **C.**     **Production of Responsive Documents**

Better Meat also objects to the magistrate judge's denial of Better Meat's motion to compel production of additional "documents responsive to RFP No.4," namely documents relating to Emergy's 'good faith belief' in the inventorship and trade secret claims it intended to file in good faith." Obj. at 18. Emergy initially declined to produce these documents because the request fell "outside the narrowly tailored discovery at issue." MJ Order at 11. The magistrate judge agreed, finding discovery "focused on the question whether Emergy had a good-faith intent of filing a lawsuit at the time of communications" while Better Meat's request focused on Emergy's good faith basis for their claims. *Id.* Emergy argues this distinction is not applicable here because Emergy could not have had a good faith intent to sue if it did not have a good faith basis for its claims. Obj. at 18. However, as the magistrate judge discussed, California's litigation privilege, raised by Emergy in its Anti-SLAPP motion, makes this very distinction. MJ Order at 11; *see also Action Apartment Assn., Inc. v. City of Santa Monica*, 41 Cal. 4th 1232, 1251 (2007) (noting the distinction). Thus, the magistrate judge's characterization was not "contrary to law." *See Brooks*, 2008 WL 3049983, at *1. This court **affirms the magistrate judge's order and denies Better Meat's request to compel production of responsive documents**.

## IV. CONCLUSION

After reviewing the magistrate judge's order denying Better Meat's motion to compel, this court finds the order is not contrary to law or clearly erroneous. The court **overrules Better Meat's objections and affirms the magistrate judge's ruling at ECF No. 80.**

This order resolves ECF No. 126-1.

IT IS SO ORDERED.

DATED: April 13, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE