UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BETTER MEAT CO., | No. 2:21-cv-02338-KJM-CKD |
| Plaintiff, | ORDER |
| v. | |
| EMERGY, Inc. d/b/a MEATI FOODS, PAUL VRONSKY, and BOND CAPITAL MANAGEMENT LP., | |
| Defendants. | |
| EMERGY, INC. d/b/a MEATI FOODS, | |
| Counterclaimant, | |
| v. | |
| THE BETTER MEAT CO. and AUGUSTUS PATTILLO, | |
| Counterdefendants. | |

For the reasons below, the court **grants plaintiff and counterdefendant Better Meat Co.'s and Mr. Pattillo's motion to dismiss**.

1

**I.     BACKGROUND**

This court has summarized the history of this action in a previous order and incorporates that summary here by reference. *See* Prior Order (Oct. 12, 2022), ECF No. 108. In short, the parties bring claims concerning their respective intellectual property rights in a mycelium-based meat substitute. *See* Compl, ECF No. 1; Countercl., ECF No. 113. They originally filed separate suits, but the court dismissed Emergy's case and directed Emergy to file its claims as counterclaims in this action. Prior Order (Oct. 12, 2022). Specifically, the court dismissed the following five of Emergy's claims with leave to reassert them as counterclaims: unfair competition, unjust enrichment, conversion, inducement to breach of contract and tortious interference. *Id.* at 18. Emergy then filed its answer to Better Meat's complaint and asserted thirteen counterclaims. Nine of these claims are against both Better Meat and Mr. Pattillo:

(1)     Trade secret misappropriation under the federal Defend Trade Secrets Act (DTSA) (18 U.S.C. § 1836), *see id.* ¶¶ 97–114;

(2)     Trade secret misappropriation under the California Uniform Trade Secret Act (CUTSA) (Cal. Civ. Code § 3426), *see id.* ¶¶ 115–33;

(3–6)   Correction of inventorship (35 U.S.C. § 256), *see id.* ¶¶ 134–65;

(7)     Conversion, *see id.* ¶¶ 166–171;

(8)     Unfair competition (Cal. Bus. & Prof. Code § 17200), *see id.* ¶¶ 172–77; and

(9)     Unjust enrichment, *see id.* ¶¶ 178–182.

Two claims are against Mr. Pattillo only:

(10)    Breach of contract, *see id.* ¶¶ 183–93; and

(11)    Breach of implied contract, *see id.* ¶¶ 194–99.

Two claims are against Better Meat only:

(12)    Inducement to breach of contract, *see id.* ¶¶ 200–08; and

(13)    Tortious interference, *see id.* ¶¶ 209–13.

Better Meat and Mr. Pattillo move to dismiss Emergy's claims for conversion, unfair competition, unjust enrichment, inducement to breach of contract and tortious interference. *See generally* Mot., ECF No. 117. Briefing is now complete, and the court took the matter under

submission without hearing oral arguments. *See generally* Opp'n, ECF No. 120; Reply, ECF No. 125; ECF No. 128.

## II. LEGAL STANDARD

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (quoting *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995)). If the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## III. ANALYSIS

### A. Unfair Competition, Unjust Enrichment, Induced Breach and Tortious Interference

First, Better Meat and Mr. Pattillo move to dismiss Emergy's claims for unfair competition, unjust enrichment, inducement to breach of contract and tortious interference. They argue these claims are preempted by CUTSA. In its prior order, this court found these claims were preempted as pled. Prior Order (Oct. 12, 2022) at 18. The court incorporates its previous summary of the relevant California law here by reference. *Id.* at 13–15. In sum, CUTSA preempts any claims based on the "same nucleus of facts as the misappropriation of trade secrets claim." *K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations*, Inc., 171 Cal. App. 4th 939, 954, 958 (2009).

Emergy's claims include both trade secret claims under CUTSA and several non-trade secret claims based on similar allegations. Emergy alleges Better Meat and Mr. Pattillo violated CUTSA when Mr. Pattillo misappropriated "processes, materials, product properties and property ranges [of the materials], and lab equipment" by disclosing this information to [Better Meat] and

using it to help Better Meat "build a mycoprotein fermentation facility . . make the competing 'Rhiza' product, [] build a competing business, and [] wrongfully file patent applications. . . ." Countercl. ¶¶ 118, 125. Emergy separately alleges Better Meat or Mr. Pattillo, or both, are liable for unfair competition, unjust enrichment, inducement to breach of contract and tortious interference because they misappropriated "proprietary, non-trade secret information." Opp'n at 11. Emergy points to only one alleged incident of non-trade secret misappropriation for this second group of claims: it alleges Mr. Pattillo misappropriated Emergy's Small Business Innovation Research (SBIR) proposal, which included both trade secret information and confidential information. Countercl. ¶¶ 45–46. The non-trade-secret information was marked by "vertical lines in the side margin" of the proposal. *Id.* ¶ 173. Because the non-trade secret information was separate and distinct from the trade-secret information, Emergy argues, there can be no CUTSA preemption. Opp'n at 14–15.

The Ninth Circuit has not decided whether such a theory of non-preemption is viable under California law. The majority of district courts in the circuit, including this court, have determined "CUTSA [can] supersede[] claims based on the misappropriation of information that does not satisfy the definition of trade secret under CUTSA." *SunPower Corp. v. SolarCity Corp.*, No. 12-00694, 2012 WL 6160472, at * 6 (N.D. Cal. Dec. 11, 2012) (collecting cases); *see also, e.g., Copart, Inc. v. Sparta Consulting, Inc.*, 277 F. Supp. 3d 1127, 1157 (E.D. Cal. 2017).[1] These cases rely primarily on California appellate decisions interpreting CUTSA the same way. *See K.C. Multimedia*, 171 Cal. App. 4th at 954, 958; *Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210, 239 n.22 (2010). Thus, in determining whether a common law claim is preempted by CUTSA, the question is not simply whether the misappropriated information is a trade secret.

---

[1] The court declines Emergy's request to revisit its decision to adopt this majority position. *See* Opp'n at 18 (citing *Copart*, 277 F. Supp. 3d at 1156–61, and *Cutera, Inc. v. Lutronic Aesthetics, Inc.*, No. 20-00235, 2020 WL 4937129, at *7 (E.D. Cal. Aug. 24, 2020)). "[W]hen (1) a federal court is required to apply state law, and (2) there is no relevant precedent from the state's highest court, but (3) there is relevant precedent from the state's intermediate appellate court, the federal court must follow the state intermediate appellate court decision unless the federal court finds convincing evidence that the state's supreme court likely would not follow it." *Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 994 (9th Cir. 2007) (emphasis omitted).

Instead, courts should ask "whether, stripped of facts supporting trade secret misappropriation, the remaining factual allegations can be reassembled to independently support other causes of action." *Alta Devices, Inc. v. LG Elecs., Inc.*, 343 F. Supp. 3d 868, 888 (N.D. Cal. 2018) (quoting *Waymo LLC v. Uber Techs., Inc.*, 256 F. Supp. 3d 1059, 1062 (N.D. Cal. 2017)).  Or, in the language of *K.C. Multimedia*, does some "nucleus of facts" independent of the trade secret claims support the supposedly preempted claim?  *See* 171 Cal. App. 4th at 954, 958.

Here, after stripping the allegations of trade secret misappropriation and related wrongdoing from Emergy's claims—Mr. Pattillo's alleged misappropriation of information in the notebook—no allegations remain to support a claim for misappropriation of non-trade secret information under common law.  Because the court cannot conclude claims involving the non-trade secret materials "allege 'wrongdoing' that is 'material[ly] distinct[] [from] the wrongdoing alleged" in the CUTSA claim, CUTSA preempts Emergy's common law claims.  *SunPower Corp.*, 2012 WL 6160472, at *9 (quoting *Convolve, Inc. v. Compaq Computer Corp.*, No. 5141, 2006 WL 839022, at *6 (S.D.N.Y. Mar. 31, 2006)).

In the alternative, Emergy argues it is the best practice for the court not to decide whether the disputed claims are preempted and to "wait and see" whether the claims are in fact preempted until after discovery.  Opp'n at 13; *U.S. Legal Support, Inc. v. Hofioni*, No. 13-01770, 2013 WL 6844756, at *11 (E.D. Cal. Dec. 20, 2013).  When it is unclear whether the allegedly misappropriated information is a trade secret or what the facts are surrounding the alleged misappropriation, it may be prudent to allow discovery.  That is not the case here.  Even assuming it is clear what information rises to the level of trade secret within Emergy's SBIR report, Emergy has not pled a claim of misappropriation that is materially distinct from its CUTSA allegation.  These pleadings will not change after discovery because there are no unanswered questions as to how Mr. Pattillo misappropriated the information, or what that information was.

Emergy also argues its UCL claim is not preempted by CUTSA.  Opp'n at 18.  However, UCL claims are not exempt from possible preemption.  *Alta Devices, Inc.*, 343 F. Supp. 3d at 888; *K.C. Multimedia, Inc.*, 171 Cal. App. 4th 961 ("A claim for common law or even statutory unfair competition may be preempted under [California Civil Code] [ ] § 3426.7 if it relies on the same

5

facts as the misappropriation claim." (internal citations omitted)).  Emergy relies on cases interpreting the Uniform Trade Secrets Act (UTSA), not CUTSA, and does not cite any California cases exempting UCL claims from CUTSA preemption even though the claims share a common nucleus of facts.  *Cf.*, *e.g.*, *Deerpoint Grp., Inc. v. Agrigenix, LLC*, 345 F. Supp. 3d 1207, 1238 (E.D. Cal. 2018) ("CUTSA will not preempt non-trade secret related civil claims if the civil claims do not share a common nucleus of operative facts with the CUTSA misappropriation claim.").[2]

At the same time, the court cannot exclude the possibility Emergy could amend its counterclaims to include independent allegations about wrongdoing that would not be preempted.  Thus, the court dismisses Emergy's claims for unfair competition, unjust enrichment, inducement to breach of contract and tortious interference, with leave to amend if possible subject to Federal Rule of Civil Procedure 11.

**B.     Conversion**

Emergy alleges defendants are liable for conversion because "Mr. Pattillo removed, carried away, and conveyed to [Better Meat] or, in the alternative, retained possession of certain of Emergy's samples, documents, and materials without Emergy's consent."  Countercl. ¶¶ 166–71.  Defendants move to dismiss this claim under two theories: (1) conversion is preempted by CUTSA and (2) the claim is time-barred.  Mot. at 8.

**1.     Preemption**

Both parties agree CUTSA preempts claims of conversion based on trade secret misappropriation.  Mot. at 18; Opp'n at 21; *Lifeline Food Co. v. Gilman Cheese Corp.*, No. 5:15-00034, 2015 WL 2357246, at *1, 4 (N.D. Cal. May 15, 2015).  However, claims of conversion are not preempted when the items in question have a "value independent from any trade secret."  Opp'n at 22–23 (quoting *Snapkeys, Ltd. v. Google LLC*, 442 F. Supp. 3d 1196, 1206-08 (N.D.

---

[2] Better Meat also argues Emergy's claim for unjust enrichment should be dismissed because California law does not recognize unjust enrichment as a cause of action.  Mot. at 20 (citing *Hill v. Roll Int'l. Corp.*, 195 Cal. App. 4th 1295, 1307 (2011)).  The court need not and does not reach this argument at this time.  Better Meat may renew this argument in a future motion, to the extent it is applicable.

Cal. 2020)); *Copart, Inc.*, 277 F. Supp. 3d at 1154 ("Here, Copart can show economic value using circumstantial evidence of its investment of resources in producing the information. Copart hired Sparta for approximately two years to design and build its new online system and paid Sparta over $10 million for the first seven associated milestones.") (internal citations omitted).

Although Emergy alleges it invested "time, labor, and other resources separate and distinct from those necessary to generate" the proprietary information, its counterclaim does not identify any value associated with these items unrelated to its misappropriation claims. Opp'n at 22 (listing "samples of harvested fungal biomass, samples of pressed mycelial patties, and samples of shredded and/or sized mycelial particles"); Countercl. ¶ 167 (alleging Mr. Pattillo took "experimental samples" of mycelia and "documents," such as "data" and "notes"). Thus, Emergy's claim of conversion is preempted by CUTSA.

### 2. Statute of Limitations

The statute of limitations for conversion is three years and is "triggered by the act of wrongfully taking property." *AmerUS Life Ins. Co. v. Bank of America, N.A.*, 143 Cal. App. 4th 631, 639 (2006) (internal citations omitted); Cal. Code Civ. Proc. § 338(c). Both parties agree Emergy filed its conversion claim over three years after Mr. Pattillo allegedly removed materials from Emergy's lab. Countercl. ¶ 62; Mot. at 19. However, Emergy argues it did not discover the conversion until June 2021, and it relies on the "equitable principle of fraudulent concealment," which can toll the statute of limitations. Opp'n at 24–25 (citing *Sanchez v. S. Hoover Hosp.*, 18 Cal. 3d 93, 98-99 (1976)).

Fraudulent concealment is subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b), in which a plaintiff "must state with particularity the circumstances constituting fraud." *See also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009). Additionally, a plaintiff relying on fraudulent concealment to toll a statute of limitations must plead "(1) when the fraud was discovered; (2) the circumstances under which it was discovered; and (3) that the plaintiff was not at fault for failing to discover it or had no actual or presumptive knowledge of facts sufficient to put him on inquiry." *Baker v. Beech Aircraft Corp.*, 39 Cal. App. 3d 315, 321 (1974). In other words, a plaintiff must "ple[ad] the who, what, when, where, and

how of the alleged fraudulent concealment." *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1133 (C.D. Cal. 2010) (internal citations omitted).

Emergy alleges it granted Mr. Pattillo access to the allegedly pilfered materials and details the steps Emergy took to protect these materials and its confidential information. Countercl. ¶¶ 42–52. Emergy also claims it did not know anything was amiss until June 2021, when Better Meat announced its "mycoprotein fermentation facility," and Emergy alleges it could not have discovered the fraud any earlier because Better Meat and Mr. Pattillo, in their own words, were in "stealth mode." *Id.* ¶¶ 63, 65, 73–74. But Emergy does not articulate with the requisite specificity what fraud Mr. Pattillo engaged in, or "the circumstances constituting fraud." *Kearns*, 567 F.3d at 1127.

As pled, Emergy's claim for conversion is preempted by CUTSA and is time-barred. Because it appears Emergy could cure its pleading of this claim, **the court dismisses this claim with leave to amend if possible**.

## IV.  CONCLUSION

For the reasons above, the court dismisses Emergy's claims for **unjust enrichment, inducement to breach of contract, unfair competition, tortious interference and conversion with leave to amend**. Any amended counterclaim, which may include Emergy's remaining claims as currently pled, must be filed **within twenty-one days** of the date this order is filed.

This order resolves ECF No. 117.

IT IS SO ORDERED.

DATED:  April 25, 2023.

CHIEF UNITED STATES DISTRICT JUDGE