| | |
|---|---|
| J. Noah Hagey (SBN 262331)<br>  hagey@braunhagey.com<br>Jeffrey M Theodore (SBN 324823)<br>  theodore@braunhagey.com<br>Matthew Borden (SBN 214323)<br>  borden@braunhagey.com<br>Robert T. Petraglia (SBN 264849)<br>  petraglia@braunhagey.com<br>**BRAUNHAGEY & BORDEN LLP**<br>351 California Street, 10th Floor<br>San Francisco, CA 94104<br>Telephone:   (415) 599-0210<br>Facsimile:    (415) 599-0210<br><br>Eric Schlabs (*pro hac vice*)<br>  schlabs@braunhagey.com<br>**BRAUNHAGEY & BORDEN LLP**<br>118 W 22nd Street, 12th Floor<br>New York, NY 10011<br>Telephone:   (646) 829-9403<br>Facsimile:    (646) 829-9403<br><br>Attorneys for Plaintiff and Counterdefendants<br>The Better Meat Co. and Augustus Pattillo | Jeffrey D. Smyth (SBN 280665)<br>  jeffrey.smyth@finnegan.com<br>**FINNEGAN, HENDERSON, FARABOW,**<br>  **GARRETT & DUNNER, LLP**<br>3300 Hillview Avenue<br>Palo Alto, California  94304<br>Telephone:   (650) 849-6600<br>Facsimile:    (650) 849-6666<br><br>David K. Mroz (*pro hac vice*)<br>  david.mroz@finnegan.com<br>Luke J. McCammon (*pro hac vice*)<br>  luke.mccammon@finnegan.com<br>**FINNEGAN, HENDERSON, FARABOW,**<br>  **GARRETT & DUNNER, LLP**<br>901 New York Avenue, NW<br>Washington, DC 20001<br>Telephone:   (202) 408-4000<br>Facsimile:    (202) 408-4400<br><br>*additional attorneys listed in signature block*<br>Attorneys for Defendant and Counterclaimant<br>Emergy, Inc. |

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BETTER MEAT CO.,<br><br>   Plaintiff,<br><br>v.<br><br>EMERGY, Inc. d/b/a MEATI FOODS, PAUL VRONSKY, and BOND CAPITAL MANAGEMENT LP,<br><br>   Defendants.<br>――――――――――――――――<br>EMERGY, INC. d/b/a MEATI FOODS,<br><br>   Counterclaimant,<br><br>v.<br><br>THE BETTER MEAT CO. and AUGUSTUS PATTILLO,<br><br>Counterdefendants. | Case No: 2:21-CV-02338-KJM-CKD<br><br>**STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS** |

Plaintiff and Counterdefendants The Better Meat Co. ("BMC") and Augustus Pattillo ("Mr. Pattillo") and Defendant and Counterclaimant Emergy, Inc. (d/b/a Meati Foods) ("Emergy") submit this Joint Proposed Protective Order ("Order").

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, trade secret, or private information for which special protection from public disclosure and use for any purpose other than prosecuting, defending, or attempting to settle this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter this Order.

This Order does not confer blanket protection on all disclosures or responses to discovery, and the protection it affords from public disclosure and use extends only to the information or items that are entitled to confidential treatment under applicable legal principles. Pursuant to Local Rule 141.1(c)(1) and (2), the definitions of "CONFIDENTIAL" Information or Items and "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items in **Section 2** below describe the types of information eligible for protection under this Order and provide the reasons for protection as to each type. Pursuant to Local Rule 141.1(c)(3), the sensitivity of the confidential, proprietary, trade secret, or private information that will be produced in this case and the risk of harm caused by the failure to protect such information from public disclosure and use justifies protection based on a court order as opposed to a private agreement between the parties.

The parties further acknowledge, as set forth in **Section 13.3** below, that this Order does not entitle them to file confidential information under seal. Federal Rules of Civil Procedure 5.2 and 26 and Local Rule 141 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2. DEFINITIONS

2.1  Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2  "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule

of Civil Procedure 26(c). Confidential Information may include confidential research, development, or commercial information or other sensitive items of a proprietary, private, or personal nature that warrant protection because they are confidential and sensitive and/or because public disclosure or use of such information or items would harm the Designating Party.

   2.3 <u>Counsel (without qualifier)</u>: Outside Counsel of Record and In-House Counsel.

   2.4 <u>Designating Party</u>: a Party or Non-Party that designates Disclosure or Discovery Material it has produced as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

   2.5 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner of generation, storage, or maintenance (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this action.

   2.6 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

   2.7 <u>"HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that cannot be avoided by less restrictive means. For the avoidance of doubt, the term "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items encompass competitively sensitive information or items of a technical or business nature, including, but not limited to, competitively sensitive product development information, engineering documents, design-around documents, testing documents, internal manufacturing and process information, internal equipment information, internal ingredient lists, employee information, supplier and vendor information, non-public prosecution information, pricing information, financial data, sales information, sales or marketing forecasts or plans, business plans, sales or marketing strategies, customer names, and customer lists.

1   2.8   <u>In-House Counsel</u>: attorneys who are employees of a Party to this action. In-House
2  Counsel does not include Outside Counsel of Record or any other outside counsel.

3   2.9   <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal
4  entity not named as a Party to this action.

5   2.10   <u>Outside Counsel of Record</u>: attorneys (and their support staffs) who are not
6  employees of a Party but are retained to represent or advise a Party and have appeared or been
7  admitted pro hac vice in this action on behalf of that Party or are affiliated with a law firm which
8  has appeared on behalf of that Party.

9   2.11   <u>Party</u>: any party to this action, including all of its officers, directors, employees,
10  consultants, retained experts, and Outside Counsel of Record (and their support staffs).

11   2.12   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery
12  Material.

13   2.13   <u>Professional Vendor</u>: Any person or entity that provides litigation support services
14  (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing,
15  storing, or retrieving data in any form or medium) and its employees and subcontractors.

16   2.16   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated
17  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

18   2.17   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a
19  Producing Party.

20  3.   <u>SCOPE</u>

21   The protections conferred by this Order cover not only Protected Material (as defined
22  above), but also (1) any information copied or extracted from Protected Material; (2) all copies,
23  excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations,
24  or presentations that might reveal Protected Material. However, the protections conferred by this
25  Order do not cover the following information: (a) any information that is in the public domain at
26  the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure
27  to a Receiving Party as a result of publication not involving a violation of this Order, including
28  becoming part of the public record through trial or otherwise; and (b) any information known to the

Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection under this Order at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly withdraw or amend the mistaken

designation and notify all other Parties that it is withdrawing or amending the mistaken designation.

      5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of **Section 5.2(a)** below) or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" to each page that contains Protected Material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Designating Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Designating Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY") to each page that contains Protected Material.

For documents produced in native format, the Designating Party shall produce a slip sheet with the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY") in association with the native document.

(b) <u>for testimony given in a deposition, hearing, or other pretrial or trial proceeding</u>, that the Designating Party may designate testimony or portions of testimony as Protected Material by orally stating the appropriate designation on the record before the close of the deposition, hearing, or other proceeding, or by notifying, in writing the court reporter and Counsel of the appropriate

designation within 14 calendar days after receiving the final transcript. The Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the appropriate 14- or 21-day timeframe shall be covered by the provisions of this Order. A video recording of a deposition, hearing, or other proceeding will automatically bear the same designation as the transcript of such deposition, hearing, or other proceeding.

A Party shall give the other Parties notice if it reasonably expects a deposition, hearing, or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

(c) <u>for information produced in some form other than documentary form and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such information or items. In the event that a Disclosure or Discovery Material is designated or re-designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," the Designating Party shall promptly notify the Receiving Party in writing of the correct designation. The Designating Party shall provide properly marked replacement Disclosure or Discovery Material to the Receiving Party within seven (7) calendar days of sending the notice. Upon timely correction of a designation,

the Receiving Party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order, including, but not limited to, replacement of and destruction unmarked or incorrectly marked copies existing on an e-discovery management platform (e.g., Relativity), but not including alteration of pre-existing work product. A Receiving Party shall not be in breach of this Order for any use of confidential information or items that are designated or re-designated before the Receiving Party receives notice of the correct confidentiality designation for the information or items, provided that such use otherwise complied with the terms of this Order. Once a Receiving Party receives notice of the correct confidentiality designation for the Disclosure or Discovery Material, the Receiving Party shall treat such Disclosure or Discovery Material according to such designation.

6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1  <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable and substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party or Non-Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2  <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this section of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it

has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process within the 14-day meet-and-confer period.

      6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion to reduce or remove the confidentiality designation under Civil Local Rules 141 and 141.1 and, if applicable, 251 within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

      The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Unless the Designating Party agrees otherwise, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the court rules on the challenge.

      6.4    Absent a successful challenge to a confidentiality designation or an agreement or order under Section 7.6, the Designating Party's designation of material as Protected Material, whether "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," shall control and be complied with by the Receiving Party, notwithstanding any contrary position it may assert under Section 3 above.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

      7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of **Section 14** below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a

location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

    7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(b) one officer, director, or employee of the Receiving Party (or, for Mr. Pattillo, himself), provided that (i) the job responsibilities of such officer, director, or employee do not involve technical or product development or any form of competitive decision-making; (ii) the Designating Party is informed, in writing, of the identity of such officer, director, or employee at least 7 calendar days prior to the contemplated disclosure of "CONFIDENTIAL" Information or Items; and (iii) such officer, director, or employee has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants and mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions: (i) any author, possessor, or recipient of a document containing the information; (ii) any current officer, director, agent, representative, or employee of the Designating Party; (iii) any former officer, director, agent, representative, or employee of the Designating Party who was employed by the Designating Party when the Protected Material was created or modified; (iv) any person selected by the Designating Party to provide testimony pursuant to Federal Rule of Civil Procedure 30(b)(6); and (v) any person who created, modified,

received, or was directly involved in the specific matter(s) addressed in the Protected Material, as demonstrated on the face of the Protected Material or in view of other testimony and evidence. Persons authorized to view Protected Material pursuant to this **Subsection 7.2(f)** shall not receive or retain copies of the Protected Material except while testifying.

(g) in preparation for their depositions: any author, possessor, or recipient of a document containing the information. Persons authorized to view Protected Material pursuant to this **Subsection 7.2(g)** shall not receive or retain copies of the Protected Material except while preparing to testify.

7.3     <u>Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" only to individuals listed in **Subsections 7.2(a), (c)–(e), and (f)(i)–(v)**.

7.4     <u>Disclosure and Transmission of Protected Material Outside of the United States</u>: Notwithstanding the other provisions of this **Section 7**, a Receiving Party may not disclose or transmit any Protected Material outside of the United States by any means unless so ordered by the Court or permitted in writing by the Designating Party.

7.5     <u>Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items to Experts</u>.

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Receiving Party that seeks to disclose to an Expert any information or items designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items pursuant to **Section 7.2(c)** or **Section 7.3** shall first make a written request to the Designating Party at least seven (7) calendar days before access to the Protected Material is to be granted to that Expert. The written request shall (i) provide the Expert's signed Acknowledgment and Agreement to Be Bound" (Exhibit A) and current resume or curriculum vitae; and (ii) identify (by case name and number, filing date, and venue) any litigation in

connection with which the Expert has offered expert testimony, including through declarations, reports, or testimony at depositions or trials, during the preceding 5 years.

(b) A Receiving Party that makes a request and provides the information specified in **Subsection 7.5(a)** may disclose Protected Material to the identified Expert unless, within seven (7) calendar days of delivering the request, the Receiving Party receives a written objection from the Designating Party setting forth in detail the grounds on which the objection is based.

(c) A Receiving Party that receives a timely written objection must meet and confer with the Designating Party (in voice-to-voice dialogue; other forms of communication are not sufficient) to try to resolve the matter by agreement within five (5) calendar days of receiving the written objection. If no agreement is reached, the Party seeking to make the disclosure may file a motion pursuant to the requirements of **Section 6.3** seeking permission from the Court to do so. Any such motion shall (i) describe the circumstances with specificity; (ii) set forth in detail the reasons why the disclosure to the Expert is reasonably necessary to the conduct of the litigation; (iii) assess the risk of harm that the disclosure would entail; and (iv) propose any additional means that could be used to reduce that risk. Such motion shall additionally be accompanied by a competent declaration describing the Receiving Party's and Designating Party's efforts to resolve the matter by agreement (i.e., the extent and substance of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Designating Party shall bear the burden of proving that the risk of harm the disclosure would entail (under the means proposed by the Receiving Party) outweighs the Receiving Party's need to disclose the Protected Material to the Expert. Frivolous objections to disclosure of Protected Material to an Expert and those made for an improper purpose (e.g., to harass, delay, or impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions. The ordinary underlying standard will apply to any scheduling adjustment disputes arising from challenges under this **Section 7.5**. The Receiving Party shall not disclose the Protected Material to the Expert until all objections thereto are resolved by agreement or court order.

7.6     Mr. Pattillo reserves the right to contend and to seek an order that he is entitled to and/or needs to see materials designated by Emergy as Protected Material in his own defense. Emergy reserves the right to oppose such a request. Counsel for Mr. Pattillo will not disclose such materials to Mr. Pattillo without consulting with counsel for Emergy and reaching an agreement between the parties or, if necessary, obtaining an order of the Court using the procedures set forth in **Section 6.3**.

8.      PROSECUTION BAR

Absent written consent from the Designating Party, any individual who receives access to "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items shall not be involved in the prosecution of patents or patent applications and shall not disclose any such information to any person involved in the prosecution of patents or patent applications relating to mycelium, neurospora, fungi, meat replacements, meat substitutes, or meat alternatives, including without limitation the patents asserted in this action, any patent or application claiming priority to or otherwise related to the patents asserted in this action, or any other patent or application of either Party before any foreign or domestic agency, including the United States Patent and Trademark Office ("USPTO").

For purposes of this paragraph, "prosecution" includes any substantive involvement, whether direct or indirect, in drafting, writing, preparing, editing, amending, advising on, supervising, controlling, approving, reviewing, assisting with, participating in, consulting on, investigating prior art relating to, making strategic decisions on, responding to office actions relating to, or otherwise affecting the type, scope, or maintenance of patents, applications, or claims before the USPTO, any foreign patent office, or any other foreign or domestic agency, including without limitation provisional, Patent Cooperation Treaty, non-provisional, continuation, divisional, or reissue patents, applications, or claims, in any type of proceedings relating to such patents, applications, or claims (including, but not limited to, reissue, protest, ex parte reexamination, interference, inter partes reexamination, inter partes review, covered business method review, or post-grant review proceedings).

1       However, "prosecution" as used in this **Section 8** does not include representing a party challenging or defending a patent or claims before a domestic or foreign agency (in proceedings including, but not limited to, reissue, protest, ex parte reexamination, interference, inter partes reexamination, inter partes review, covered business method review, or post-grant review proceedings) provided such representation or other participation does not include any involvement in or contribution to any activities that will affect the scope of any claim, including, without limitation, seeking, contemplating, strategizing on, devising, drafting, writing, preparing, editing, amending, shaping the scope of, advising on, supervising, controlling, approving, reviewing, assisting with, participating in, consulting on, investigating prior art relating to, or making strategic decisions on the addition or amendment of any claim. This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items are first received by the affected individual and shall end three years after final termination of this action and all related actions, including all appeals.

      Any law firm whose attorneys act as counsel in this litigation or whose attorneys or other personnel otherwise receive access to "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items produced in this litigation and whose attorneys or other personnel are involved in the prosecution of patents on behalf of any Party to this litigation shall implement an Ethical Wall and associated electronic security measures and access restrictions to ensure that any personnel involved in patent prosecution are unable to access any "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information or Items produced in this litigation.

9.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

      If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," that Party must:

      (a) promptly notify the Designating Party in writing. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission to do so. The Designating Party shall bear the burden and expense of seeking protection of its Protected Material in the court from which the subpoena or court order issued. Nothing in this Order shall be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10. NON-PARTY'S PROTECTED MATERIAL

(a) The terms, remedies, and relief of this Order apply to and protect information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." A Non-Party that produces information or items in this litigation may designate them as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" in accordance with the terms of this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by valid discovery request(s), to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information or items, then the Party shall:

1. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information or items requested are subject to a confidentiality agreement with the Non-Party;

        2.      promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information or items requested; and

        3.      make the information or items requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this court within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information or items responsive to the discovery request(s). If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information or items in its possession or control that are subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or entity in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

12.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

Nothing in this Order shall require production of information or items that a Party contends are protected from disclosure by the attorney-client privilege, the work product doctrine, or another privilege, doctrine, or immunity. When a Producing Party gives notice to a Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedures may be established in an

e-discovery order or other agreement of the Parties, including pursuant to Federal Rule of Evidence 502(d) and (e).

13. MISCELLANEOUS

    13.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    13.2 Right to Assert Other Objections. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

    13.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 141. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Receiving Party's request to file Protected Material under seal pursuant to Local Rule 141 is denied by the court, then the Receiving Party may file the Protected Material in the public record unless otherwise instructed by the court.

14. FINAL DISPOSITION

    Within 60 days after the final disposition of this action, as defined in **Section 4**, each Receiving Party must (a) return all Protected Material to the Producing Party or destroy such material; and (b) submit a written certification to the Designating Party that the Receiving Party has complied with the requirements of this section. As used in this section, "all Protected Material" includes all copies, abstracts, compilations, summaries, and documents in any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain archival copies of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Protected

Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in **Section 4** (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: May 31, 2023                    **BRAUNHAGEY & BORDEN LLP**

By:   */s/ Jeffrey M. Theodore*
　　J. Noah Hagey (SBN 262331)
　　 hagey@braunhagey.com
　　Jeffrey M Theodore (SBN 324823)
　　 theodore@braunhagey.com
　　Matthew Borden (SBN 214323
　　 borden@braunhagey.com
　　Robert T. Petraglia (SBN 264849)
　　 petraglia@braunhagey.com
　　**BRAUNHAGEY & BORDEN LLP**
　　351 California Street, 10th Floor
　　San Francisco, CA 94104
　　Tel: (415) 599-0210 / Fax: (415) 599-0210

　　Eric Schlabs (*pro hac vice*)
　　 schlabs@braunhagey.com
　　**BRAUNHAGEY & BORDEN LLP**
　　118 W 22nd Street, 12th Floor
　　New York, NY 10011
　　Tel: (646) 829-9403 / Fax: (646) 829-9403

　　*Attorneys for Plaintiff and Counterdefendants*
　　*The Better Meat Co. and Augustus Pattillo*

Dated: May 31, 2023                    **FINNEGAN, HENDERSON, FARABOW,**
　　　　　　　　　　　　　　　　　　　**GARRETT & DUNNER, LLP**

By:   */s/ Jeffrey D. Smyth*
　　Jeffrey D. Smyth (SBN 280665)
　　 jeffrey.smyth@finnegan.com
　　**FINNEGAN, HENDERSON, FARABOW,**
　　 **GARRETT & DUNNER, LLP**
　　3300 Hillview Avenue
　　Palo Alto, California  94304
　　Tel: (650) 849-6600 / Fax: (650) 849-6666

　　David K. Mroz (*pro hac vice*)
　　 David.Mroz@finnegan.com
　　Luke J. McCammon (*pro hac vice*)
　　 Luke.McCammon@finnegan.com

|   |   |
|---|---|
| 1 | John M. Williamson (*pro hac vice*) |
|   | John.Williamson@finnegan.com |
| 2 | Sonja W. Sahlsten (*pro hac vice*) |
|   | Sonja.Sahlsten@finnegan.com |
| 3 | **FINNEGAN, HENDERSON, FARABOW,** |
|   | **GARRETT & DUNNER, LLP** |
| 4 | 901 New York Avenue, NW |
|   | Washington, DC 20001-4413 |
| 5 | Tel: (202) 408-4000 / Fax: (202) 408-4400 |

Deanna C. Smiley (*pro hac vice*)
  Deanna.Smiley@finnegan.com
Taylor L. Stark (*pro hac vice*)
  Taylor.Stark@finnegan.com
**FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP**
1875 Explorer Street, Suite 800
Reston, VA 20190-6023
Tel: (571) 203-2700 / Fax: (571) 203-2777

*Attorneys for Defendant and Counterclaimant Emergy, Inc.*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:  June 5, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8.BMC21cv2388.stip.po

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on [date] in the case of *Better Meat Company v. Emergy, Inc. et al*, Case No. 2:21-cv-02338-KJM-CKD (the "Order"). I agree to comply with and to be bound by all the terms of the Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                [printed name]

Signature: _____
             [signature]