UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BETTER MEAT CO., | No. 2:21-cv-02338-KJM-CKD |
| Plaintiff, | ORDER |
| v. | |
| EMERGY, Inc. d/b/a MEATI FOODS, PAUL VRONSKY, and BOND CAPITAL MANAGEMENT LP., | |
| Defendants. | |
| EMERGY, INC. d/b/a MEATI FOODS, | |
| Counter Claimant, | |
| v. | |
| THE BETTER MEAT CO. and AUGUSTUS PATTILLO, | |
| Counter Defendants. | |

As explained below, the court **denies** plaintiff/counter-defendant Better Meat's administrative motion for a stay of defendant/counter-claimant Emergy's motion for attorneys' fees.

On April 17, 2023, this court granted Emergy's motion to strike Better Meat's complaint under California's anti-SLAPP statute. Prior Order (Apr. 17, 2023), ECF No. 134. Emergy then moved for attorneys' fees and costs related to its motion. Mot. for Fees, ECF No. 136. Oral argument on Emergy's motion is scheduled for July 21, 2023. *Id.* Simultaneously, Better Meat moves to stay Emergy's motion for fees and moves for certification of interlocutory appeal of the court's prior order; oral argument on this motion is also scheduled for July 21, 2023. Mot. to Stay, ECF No. 141.

In advance of the hearing, Better Meat moves for administrative relief, asking this court to stay briefing on Emergy's motion until after the court adjudicates Better Meat's motion to stay. Mot. for Admin. Relief, ECF No. 142. In other words, Better Meat asks this court to refrain from considering Emergy's motion until it decides Better Meat's motion to stay. Better Meat claims this relief is warranted because Emergy's motion was "premature" and Better Meat should not be "compelled to brief and prepare for a mini-litigation on fees" at this time. Mot. at 4, 5–6. Emergy disagrees. Opp'n, ECF No. 144.

Courts may grant Anti-SLAPP fee awards to prevailing parties before a final judgment on the action. *Carpenter v. Jack in the Box Corp.*, 151 Cal. App. 4th 454, 461 (2007) ("The party prevailing on a special motion to strike may seek an attorney fee award through three different avenues: simultaneously with litigating the special motion to strike; by a subsequent noticed motion, as was the case here; or as part of a cost memorandum."); *see also Sparrow LLC v. Edwin Lora, et al.*, No. CV-14-1188, 2015 WL 12778336, at *7 (C.D. Cal. Jan. 12, 2015). Emergy's motion was not "premature."

Better Meat also identifies no authority addressing whether briefing a motion for attorneys' fees should be deferred until the court resolves a motion to stay. The only authorities it points to relate to the merits of the motion to stay, which is not yet fully briefed. *See e.g., Flores v. Emerich & Fike* No. 1:05 CV 0291, 2007 WL 963282, at *7 (E.D. Cal. Mar. 29, 2007), *aff'd*, 385 F. App'x 728 (9th Cir. 2010) (relying on fairness principles in allowing pro se plaintiffs the opportunity to appeal the Anti-SLAPP judgment against them before awarding attorneys' fees).

The issue before the court in addressing Better Meat's motion for administrative relief, however, is not the merits of the stay, but rather is judicial efficiency.  Is it in the best interest of the court and the parties to first adjudicate the motion to stay before proceeding with briefing on the motion for fees?  The court finds it more efficient to resolve Better Meat's motion to stay after briefing is complete and simultaneously with Emergy's motion for fees.[1]  *See Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) ("The trial court possesses the inherent power to control its own docket and calendar.").  Better Meat may again bring its arguments supporting a stay in briefing its own motion or opposing Emergy's motion.

Thus, the **court denies Better Meat's motion for administrative relief.**

This order resolves ECF No. 142.

IT IS SO ORDERED.

DATED:  June 26, 2023.

CHIEF UNITED STATES DISTRICT JUDGE

---

[1] If Better Meat hoped to resolve its motion to stay before the court addressed Emergy's motion for fees, it could have filed its motion with a calendar date of June 30, 2023.  Instead, it chose to calendar its motion for the same date as Emergy's motion.