UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BETTER MEAT CO., | No. 2:21-cv-02338-KJM-CKD |
| Plaintiff, | ORDER |
| v. | |
| EMERGY, Inc. d/b/a MEATI FOODS, PAUL VRONSKY, and BOND CAPITAL MANAGEMENT LP., | |
| Defendants. | |
| EMERGY, INC. d/b/a MEATI FOODS, | |
| Counter Claimant, | |
| v. | |
| THE BETTER MEAT CO. and AUGUSTUS PATTILLO, | |
| Counter Defendants. | |

I.      BACKGROUND

In this hotly contested litigation regarding meat substitutes, defendant/counter-claimant Emergy seeks attorneys' fees and costs for prevailing in its anti-SLAPP action. Plaintiff/counter-defendant Better Meat moves for a certificate of interlocutory appeal and to stay proceedings with respect to Emergy's motion. For the reasons below, the court **denies** both motions.

1

1    **II.    BACKGROUND**

2           The court summarized the history of this action in two previous orders and incorporates

3    those summaries by reference here.  *See* Prior Order (May 25, 2022), ECF No. 66; Prior Order

4    (Apr. 17, 2023), ECF No. 134.  In short, Emergy and Better Meat compete in the market for

5    mycelial meat substitutes.  Emergy alleges Better Meat and its founders copied or stole Emergy's

6    trade secrets and intellectual property.  Better Meat alleges Emergy and its investors sent two

7    communications—both of which formed the basis of the anti-SLAPP suit—threatening litigation

8    to stymie competition and scare away Better Meat's potential investors.  Emergy previously

9    moved to strike Better Meat's claims for tortious interference and unfair competition under

10   California's anti-SLAPP doctrine.  Mot. Strike at 13, ECF No. 31.  This court granted Emergy's

11   motion after finding the California litigation privilege applied to the communications at issue.

12   Prior Order (Apr. 17, 2023) at 10–11.  California absolutely privileges all communications "(1)

13   made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by

14   law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical

15   relation to the action."  *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990).  As part of its analysis,

16   this court held the third prong of the privilege test was "in essence, simply part of the" fourth

17   prong such that the two prongs—the relevancy requirements of the privilege—merged into one.

18   *Id.* at 6 (quoting *Silberg*, 50 Cal. 3d at 212).

19          Emergy and its counsel, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, have

20   moved for attorneys' fees and costs related to its anti-SLAPP motion.  Mot. for Fees, ECF No.

21   136.  Better Meat opposes the motion, Better Meat Opp'n, ECF No. 152, and Emergy has replied,

22   Emergy Reply, ECF No. 154.  Better Meat moves to stay Emergy's motion for fees and moves

23   for certification to seek interlocutory appeal of the court's prior order granting Emergy's anti-

24   SLAPP motion.  Mot. to Stay, ECF No. 141.  Emergy opposes, Emergy Opp'n, ECF No. 151, and

25   Better Meat has replied, Better Meat Reply, ECF No 155.  The court heard oral argument on July

26   21, 2021, after which it submitted both motions.  Hr'g Mins., ECF No. 156.  Jeffery Theodore

27   appeared for Better Meat, and David Mroz and Sonja Sahlsten appeared for Emergy.  *Id.*  The

court will first consider Better Meat's motion for a certificate of interlocutory appeal before turning to Emergy's motion for fees.

### III.   BETTER MEAT'S MOTION FOR A CERTIFICATE OF INTERLOCUTORY APPEAL

Better Meat seeks to appeal this court's prior order granting Emergy's motion to strike under California's anti-SLAPP doctrine. *See generally* Mot. to Stay. Generally, a party may appeal only after final judgment. *Romoland Sch. Dist. v. Inland Empire Energy Ctr.*, 548 F.3d 738, 747 (9th Cir. 2008). In narrow circumstances, however, a district court has authority to certify a question for interlocutory appeal before final judgment. *See* 28 U.S.C. § 1292(b); *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). The party seeking certification of an interlocutory appeal bears the burden of establishing three elements: (1) the order involves a controlling question of law, (2) there is substantial ground for differences of opinion as to the question for which certification is sought, and (3) an immediate appeal may materially advance the ultimate resolution of litigation. 28 U.S.C. § 1292(b). "Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met." *Couch*, 611 F.3d at 633. Interlocutory appeals are granted "sparingly and only in exceptional cases." *United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir. 1959). Even if these elements are satisfied, district courts may deny permission for an interlocutory appeal. *In re Empire Land, LLC*, No. 16-00831, 2017 WL 6453286, at *1 (C.D. Cal. Dec. 15, 2017). The court will examine each of the three requirements in turn.

#### A.   Controlling Question of Law

The moving party must first show the proposed question for interlocutory appeal involves a controlling question of law. A question of law is "controlling" if the "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). The "controlling question" requirement does not "require that reversal of the district court's order terminate the litigation." *Id.* In general, the question must be "pure[ly] legal." *Steering Comm. v. United States*, 6 F.3d 572, 575–76 (9th Cir. 1993). Better Meat argues, and Emergy does not dispute, this court's "interpretation

1   of California's litigation privilege in the Anti-SLAPP Order presents a controlling question of law

2   that was dispositive as to two of the three claims asserted" by Better Meat.  Mot. to Stay at 19;

3   *see* Emergy Opp'n at 19.  Specifically, Better Meat argues the court incorrectly interpreted the

4   third and fourth prongs of the litigation privilege in finding the privilege applied to

5   communications "related to the litigation" and that the intent of the party making the

6   communications was irrelevant.  Mot. to Stay at 21–22; *see* Prior Order (Apr. 17, 2023) at 9–10.

7   The Ninth Circuit's resolution of this question could be material because it could allow Better

8   Meat to proceed on the claims the court struck.

9           **B.      Substantial Ground for Differences of Opinion**

10          Second, the moving party must show there is a "substantial ground for difference of

11  opinion" on the controlling question of law.  28 U.S.C. § 1292(b).  Generally, substantial grounds

12  for a difference of opinion exist if reasonable jurists might disagree.  *Fortyune v. City of Lomita*,

13  766 F.3d 1098, 1101 n.2 (9th Cir. 2014) (citing *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d

14  681, 687–88 (9th Cir. 2011)).  This might be true, for example, where "the circuits are in dispute

15  on the question and the court of appeals of the circuit has not spoken on the point, if complicated

16  questions arise under foreign law, or if novel and difficult questions of first impression are

17  presented."  *Couch*, 611 F.3d at 633 (quoting 3 Federal Procedure, Lawyers Edition § 3:212

18  (2010)).  "[C]ourts must examine to what extent the controlling law is unclear."  *Id.*  The

19  requirement is not satisfied just because settled law might be applied differently, a party strongly

20  disagrees with the court's decision, or there is a "'dearth of case' law contradicting the court's

21  decision."  *Holak v. K Mart Corp.*, No. 12-00304, 2015 WL 4756000, at *1 (E.D. Cal. Aug. 11,

22  2015) (quoting *Davis Moreno Const., Inc. v. Frontier Steel Bldg. Corp.*, 2011 WL 347127, at *2

23  (E.D. Cal. Feb. 2, 2011)).

24          Here, Better Meat argues there is substantial ground for differences of opinion regarding

25  the court's interpretation of the third and fourth prongs of the litigation privilege because multiple

26  courts have rejected this court's interpretation of the privilege.  Mot. to Stay at 21–23.  But the

27  California Supreme Court has held "[t]he requirement that the communication be in furtherance

28  of the objects of the litigation is, in essence, simply part of the requirement that the

4

communication be connected with, or have some logical relation to, the action, i.e., that it not be extraneous to the action." *Silberg*, 50 Cal. 3d at 219–20; *Paulson v. City of San Diego*, 294 F.3d 1124, 1128 (9th Cir. 2002) ("When interpreting state law, we are bound to follow the decisions of the state's highest court.").

Additionally, the caselaw Better Meat itself cites does not support its argument.  For example, Better Meat points to *Rothman v. Jackson*, to support its position that the third and fourth prongs must be satisfied separately.  49 Cal. App. 4th 1134 (1996).  While *Rothman* held it is not enough for the communication's content to be "related in some way to the subject matter of the litigation" it goes on to say the communication must have a "*functional* connection" and as such the third prong is "simply part of" the fourth prong.  *Id.* at 1146 (citing *Silberg*, 50 Cal. 3d at 219–20) (emphasis in original).  Similarly, Better Meat quotes *Bylin Heating Sys., Inc. v. M & M Gutters, LLC*, for the proposition that "misrepresentations intended to harm [plaintiff] are not communications made 'in furtherance of the objects of litigation.'"  No. 07-00505, 2008 WL 744706, at *5 (E.D. Cal. Mar. 18, 2008) (quoting *Silberg*, 50 Cal. 3d at 219).  But as Emergy points out, Emergy Opp'n at 21, this statement is irrelevant  to whether the third and fourth prongs of the litigation privilege are merged into one.  Rather, the court in *Bylin* made factual findings regarding the purpose of the disputed communications and found they were "hollow threats" and therefore not connected to the action; the court said nothing regarding the treatment of the third and fourth prongs of the litigation privilege.  2008 WL 744706, at *5.  Unlike in *Bylin*, in this court's prior order, the court determined the communications in question were logically related to the underlying litigation.  Prior Order (Apr. 17, 2023) at 9.  Thus, while the underlying facts differed, the legal analysis conducted by each court was consistent.  Better Meat might disagree with this court's factual findings, but this kind of disagreement does not create a substantial ground for differences of opinion when it comes to the challenged legal analysis.  *See Couch*, 611 F.3d at 633.

### C.    Advance the Ultimate Resolution of Litigation

Finally, the moving party must show the resolution of the question it wishes to certify will materially advance the ultimate resolution of the litigation.  28 U.S.C. § 1292(b).  An

1   interlocutory appeal materially advances the ultimate resolution of litigation if it avoids

2   "protracted and expensive litigation." *In re Cement*, 673 F.2d at 1026 (citing *U.S. Rubber Co. v.*

3   *Wright*, 359 F.2d 784, 785 (9th Cir. 1966)).  Similarly, an interlocutory appeal meets this

4   requirement if it helps avoid trial or substantially shortens the time spent in litigation.  *Holak*,

5   2015 WL 4756000, at *1 (citing *Conte v. Jakks Pac., Inc.*, 2012 WL 3069971, at *3 (E.D. Cal.

6   July 27, 2012)).

7         Better Meat argues an interlocutory appeal in this case will advance the litigation because

8   an appellate decision would "streamline the issues in dispute by obtaining guidance from the

9   Ninth Circuit on a dispositive issue on an entire category of claims."  Mot. to Stay at 23.  But this

10  cursory argument does not delineate why an extraordinary grant of interlocutory appeal is needed

11  here.  Rather, as another district court has observed, "[i]f the Ninth Circuit affirms the Court's

12  order, the interlocutory appeal would have delayed the termination of this case.  If the Ninth

13  Circuit reverses, the claims will go forward and one party may take a second appeal, thus

14  burdening the court of appeals with two appeals in the same case." *Hanni v. Am. Airlines, Inc.*,

15  No. 08-00732, 2008 WL 5000237, at *7 (N.D. Cal. Nov. 21, 2008).

16        Because Better Meat has not shown there is a substantial ground for differences of opinion

17  or that an interlocutory appeal would materially advance the ultimate resolution of this case, the

18  court **declines to certify an interlocutory appeal under 28 U.S.C. § 1292(b).**

19  **IV.   EMERGY'S MOTION FOR ATTORNEYS' FEES**

20        As a successful movant in its special motion to strike, Emergy is statutorily entitled to

21  recover attorney fees and costs incurred during anti-SLAPP proceedings.  Cal. Civ. Proc. Code §

22  425.16(c).  The calculation of these fees and costs are conducted under state law as provided by

23  the anti-SLAPP statute.  *See Lee-Tzu Lin v. Dignity Health-Methodist Hosp. of Sacramento*, No.

24  14-0666, 2014 WL 5698448, at *1 (E.D. Cal. Nov. 4, 2014) (citing *Metabolife Int'l, Inc. v.*

25  *Wornick*, 213 F.Supp.2d 1220, 1221 (S.D. Cal. 2002)).  But procedurally, the Federal Rules of

26  Civil Procedure, not California's, control in federal court so the court must consider their

27  operation here.  *See Erie v. Tompkins*, 304 U.S. 64, 92 (1938) (Reed, J., concurring in part).

6

1          Federal Rule of Civil Procedure Rule 54(d) provides a motion for attorneys' fees must,

2    unless otherwise noted, "be filed no later than 14 days after the entry of judgment . . .."

3    Additionally, this district's local rules require "[m]otions for awards of attorneys' fees to

4    prevailing parties pursuant to statute shall be filed not later than twenty-eight (28) days after entry

5    of final judgment." E.D.Cal. L.R. 293(a).  Thus, this court must first establish if its order granting

6    Emergy's motion to strike is a final judgment.  The Ninth Circuit has expressly held an order

7    granting a defendant's anti-SLAPP motion on plaintiff's state law claims "is not final" under Rule

8    54. *Hyan v. Hummer*, 825 F.3d 1046 (9th Cir. 2016); Fed. R. Civ. P. 54(b).  Given this

9    controlling decision, Emergy may not move for fees at this time.

10          At oral argument, Emergy argued the language of Rule 54 does not preclude its current

11    motion.  Specifically, Emergy highlighted that Rule 54(d)(1), which outlines procedures for

12    seeking costs other than attorney's fees, specifies "[u]nless a *federal statute*, these rules, or a

13    court order provides otherwise . . . costs—other than attorney's fees—should be allowed to the

14    prevailing party." (Emphasis added).  But Rule 54(d)(2)(B), which outlines procedures for

15    motions for attorneys' fees, does not clarify the type of statute and states only that "[u]nless a

16    *statute* or a court order provides otherwise, the motion must" be filed "14 days after the entry of

17    judgment." Fed. R. Civ. P. 54(d)(2)(B) (emphasis added).  So, Emergy argues, while the rule's

18    drafters intentionally limited exceptions to federal statutes elsewhere in the rule, they did not

19    expressly choose to limit the exceptions applicable to attorney's fees motions to federal statutes

20    only.  Thus, Emergy concludes, California's anti-SLAPP statute authorizes Emergy's motion at

21    this stage of the litigation and fits within Rule 54(d)(2)(B)'s exception.

22          Having closely examined Rule 54 and the accompanying advisory committee notes, the

23    court disagrees with Emergy's interpretation.  While the word "federal" does not explicitly

24    modify the word "statute" where it appears in Rule 54(d)(2)(B), as it does in section (d)(1), the

25    court finds the language of the Rule as a whole nevertheless restricts the phrase "[u]nless a statute

26    or a court order provides otherwise" to only federal statutes. *Whittlestone, Inc. v. Handi-Craft

27    Co.*, 618 F.3d 970 (9th Cir. 2010) ("Our interpretation of the Federal Rules of Civil Procedure

28    begins with the relevant rule's 'plain meaning'") (quoting *Kootenai Tribe of Idaho v. Veneman*,

1    313 F.3d 1094, 1111 (9th Cir.2002)).  Neither the accompanying advisory note nor any other

2    section of the rule indicates the writers intended to allow broad exceptions based on state

3    statutory provisions.

4          No party disputes the question of when a court may grant a motion for fees is procedural

5    in the first instance, so the court must follow the Federal Rules of Civil Procedure.  *See In re*

6    *Cnty. of Orange*, 784 F.3d 520 (9th Cir. 2015) ("When confronted with an *Erie* question, we first

7    ask whether a Federal Rule of Civil Procedure or a federal law governs.  If so, we will apply that

8    rule . . . .") (internal citations omitted).  Emergy's interpretation of Rule 54(d)(2)(B) would create

9    a broad exception requiring federal courts to apply the procedural rules of state attorneys' fees

10   statutes over the procedure dictated by the Federal Rules.  Such a reading cannot be what the

11   rule's drafters intended, given the language they used and their advisory notes.

12         The court **denies Emergy's motion without prejudice to renewal after entry of final**

13   **judgment.**  Because the court does not reach the merits of Emergy's fees motion at this time, the

14   court **dismisses Better Meat's motion to stay the motion as moot**.

15   **V.    CONCLUSION**

16         For the reasons above, the court **denies Better Meat's motion for certification of an**

17   **interlocutory appeal.  The court also denies Emergy's motion for attorneys' fees without**

18   **prejudice and dismisses Better Meat's motion to stay as moot.**

19         This order resolves ECF Nos. 136 and 141.

20         IT IS SO ORDERED.

21    DATED:  August 30, 2023.

22

23                                         CHIEF UNITED STATES DISTRICT JUDGE

24

8